UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :

          vs.                   :     CRIMINAL NO. 3:25-CR-30 (SVN)

JAMES SCHWAB              :     August 7, 2025

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO MODIFY CONDITIONS OF RELEASE**

The defendant, James Schwab ("Mr. Schwab"), through counsel, hereby files this reply in

Support of his Motion to Modify the Conditions of Release (ECF No. 91) to briefly address the

arguments raised in the Government's opposition (ECF No. 97). For the reasons stated both in

ECF No. 91 and herein, Mr. Schwab respectfully asks this Court to modify the conditions of release

and remove Ms. Waits from the no-contact list.

In its opposition, the Government mischaracterizes the evidence that was produced to the

defense, and which has been provided to the Court as a sealed exhibit.[1]  In short, there is <u>no</u>

evidence that Ms. Waits "stole hundreds of thousands of miles" (Gov't Br. At 2) or was an

"associate" in any of the alleged criminal conduct against Mr. Schwab.  The Government has

produced a single document that appears to be an unverified allegation from an unverified source.

There is no further interview of this individual or any demonstration that Ms. Waits herself used

these miles.  There is no document memorializing a conversation with the complainant, and the

Government has neither verified the identity of the person who made the complaint, nor has it

---

[1]The Government devotes most of its opposition to a dispute with Ms. Waits' lawyer about the nature of
the communications between her counsel and the case agent.  That issue is not germane to the question
before the Court, namely the propriety of the no contact condition.

investigated the veracity of the allegations in the complaint. The Government is seeking conditions that exceed what is required to reasonably assure Mr. Schwab's appearance in court and the safety of the community, yet it has neglected to conduct any investigation to substantiate its claims. Indeed, the only additional information advanced by the Government is that Ms. Waits and Mr. Schwab appeared to engage in conversations while he was incarcerated involving the sale of certain items. Asking a loved one to assist in managing one's affairs when that person is incarcerated is far from nefarious, and instead is further proof that Ms. Waits is a trusted support in his life.

Although the Court has the authority to impose a non-contact order, such a restriction must be the least restrictive condition to assure Mr. Schwab's appearance in court and the safety of the community. The no contact condition is unduly restrictive because the Government has failed to substantiate its characterization of Ms. Waits as an associate in Mr. Schwab's conduct. This lack of proof against Ms. Waits makes this less about an appropriate condition of release, and more about a punitive measure sought by the Government that impermissibly infringes upon Mr. Schwab's First Amendment right of association. *See e.g.*, *United States v. Arzberger*, 592 F. Supp. 2d 590, 603 (S.D.N.Y. 2008). Placing Ms. Waits on the no contact list does not meet the strictures of First Amendment jurisprudence applicable to pretrial defendants released on bail as a complete prohibition of contact is the very definition of direct and substantial. As articulated by Ms. Waits' lawyer in his letter to the Court (ECF No. 99), Ms. Waits is a positive force in Mr. Schwab's life. Ms. Waits is not a defendant in this or any other criminal matter. However, Ms. Waits is a critical source of support for Mr. Schwab. Restricting contact with Ms. Waits is not necessary to ensure Mr. Schwab's presence at Court, nor to protect the community. The numerous other conditions of

pretrial release effectively execute those ends and include financial and non-financial burdens that expose Mr. Schwab and his family.

Perhaps most critically, Mr. Schwab has been fully compliant with the Court's stringent conditions of release. He has been attentive to every detail, ensuring that his conduct is well within the confines of the Court's expectations. Although the United States Probation Office takes no position on the instant motion, it is critical to note that they have not advanced a single complaint or concern about Mr. Schwab's conduct. He has demonstrated his ability to adhere to this Court's orders, and therefore the Court should have every confidence that his ability to have contact with Ms. Waits will only enhance his ability to succeed on pretrial release, and not hamper it in any way.

Accordingly, for reasons stated herein and in ECF No. 91, this Court should modify Mr. Schwab's conditions of pretrial release and remove Ms. Waits from the no contact list.

THE DEFENDANT,
James Schwab

Dated: August 7, 2025

/s/ Allison M. Near
Allison M. Near
Jacobs & Dow, LLC
350 Orange Street
New Haven, CT 06511
Phone: (203) 772-3100
Bar No.: ct27241
anear@jacobslaw.com

3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Allison M. Near
Allison M. Near