UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

vs.                                    CRIMINAL NO. 3:25-CR-30 (SVN)

JAMES SCHWAB                           August 21, 2025

**<u>SUPPLEMENTAL MOTION TO MODIFY CONDITIONS OF RELEASE</u>**

The defendant, James Schwab, hereby files this supplement to his Motion to Modify Conditions of Release (ECF No. 91), which is scheduled to be heard by Magistrate Judge Vatti on Friday, August 22, 2025. In addition to the request to remove his girlfriend from the no contact list, Mr. Schwab seeks to modify additional conditions related to his location monitoring program, the limits placed on visitors to the home, the restrictions on Mr. Schwab's ability to be at home without a parent present, and the limitations on his ability to use the outdoor spaces surrounding his residence. Undersigned counsel has discussed the proposed conditions at length with Mr. Schwab's supervising probation officer in the Northern District of Georgia and his counterpart in the District of Connecticut. Neither probation officer objects to the conditions proposed herein. The Government objects to all of the proposed modifications.

1. On July 15, 2025, this Court released Mr. Schwab on conditions of release, which included the following conditions: (1) that he submit to location monitoring and remain on home incarceration (ECF No. 83, ¶ 7(q)); (2) that at least one of his custodians must be present in the home at all times to supervise Mr. Schwab (ECF No. 83, Add'l Conditions ¶ 3); (3) that only immediately family members and significant others shall be permitted to visit the residence (ECF No. 83, Add'l Condition ¶ 5); and (4) that his location monitoring would restrict his movement to the residence and

would not permit access to outdoor spaces on the property (ECF No. 83, Add'l Condition ¶ 10). The conditions of release specifically provided that Mr. Schwab could seek access to other outdoor spaces on the property after a one-month track record of compliance was established. *Id.*

2. Since his release, Mr. Schwab has been fully compliant with the conditions of release. His supervising probation officer in the Northern District of Georgia has made routine visits to the residence and has reported no concerns.

3. Given his compliance for more than thirty days, Mr. Schwab now seeks to modify his conditions of release as follows:

   a. Modify his location restriction program from home incarceration to home detention with a condition that Mr. Schwab's time outside the residence would be limited to two hours per day. Mr. Schwab would be accompanied by at least one parent at all times. This modification would permit Mr. Schwab to attend religious services, go for a walk with his parents, or attend to other necessary outings such as doctor's appointments, dentist appointments, etc. Mr. Schwab's whereabouts would be continuously monitored by the United States Probation Office, and any outings could be subject to that office's approval. Undersigned counsel consulted extensively with both probation offices as to this particular condition. The probation officers agreed that a modification that would permit a small window of time outside the residence every day was appropriate, and a modification to home detention with a restriction on the amount of time that Mr. Schwab could be away from the residence was the best way to accomplish this goal.

2

b. Modify the condition that at least one custodian must be present at the residence at all times to permit one of Mr. Schwab's older siblings to periodically serve as a temporary third-party custodian. Presently, Mr. and Mrs. Schwab cannot leave the residence together. This proposed condition would permit them to be away from the residence at the same time while ensuring that Mr. Schwab continues to be supervised. The Connecticut United States Probation Office has spoken with both of Mr. Schwab's older siblings and explained the obligations of the third-party custodian, which they both acknowledge and understand.

c. Modify the condition that limits visitors to immediate family members and their significant others to permit Mr. Schwab's parents to invite friends to their home. Any visitors would be subject to the same restrictions imposed on the family members, including that they must password or biometrically protect any electronic devices brought into the home.

d. Modify the condition that restricts Mr. Schwab's movement to the residence so that he may go into the surrounding outdoor area. This modification is contemplated by the conditions imposed on July 15, which indicate that "[a]ccess to other outdoor spaces on the property will be considered after at least a one-month track record of compliance is established." *See* ECF No. 83, Add'l Condition ¶ 10.

4. Over the past week, counsel has consulted extensively with Northern District of Georgia Probation Officer Benjamin Heath and District of Connecticut Probation Officer Kaitlyn Wentz. Neither probation officer has any objection to the modifications proposed herein.

3

5.     Counsel has also consulted with Assistant United States Attorney Karen Peck who objects to any modifications to Mr. Schwab's present conditions.

WHEREFORE, the defendant respectfully requests that this motion be granted.  Counsel proposes that all other conditions remain in effect.  Mr. Schwab, through counsel, requests the opportunity to address this motion at the hearing scheduled for Friday, August 22, 2025.



THE DEFENDANT,
James Schwab


Dated: August 21, 2025                            /s/ Allison M. Near
                                                 Allison M. Near
                                                 Jacobs & Dow, LLC
                                                 350 Orange Street
                                                 New Haven, CT 06511
                                                 Phone: (203) 772-3100
                                                 Bar No.: ct27241
                                                 Email: anear@jacobslaw.com


4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 21, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Allison M. Near
Allison M. Near