UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

vs.                                                    CRIMINAL NO. 3:25-CR-30 (SVN)

JAMES SCHWAB                                           August 29, 2025

### DEFENDANT'S RESPONSE TO GOVERNMENT'S STATUS UPDATE RE: DEFENDANT'S MOTION TO MODIFY

The defendant, James Schwab, through counsel, files this response to briefly address the Government's Status Update As to Defendant's Motion to Modify (ECF No. 122), which was filed late this afternoon.

The procedural history of this case is well known to this Court. On May 2, 2025, Mr. Schwab filed a motion for release from custody. *See* ECF No. 40. Over the course of two months and multiple bond hearings, the Court released Mr. Schwab on very stringent conditions of release, including a no-contact order with several individuals identified by the Government. Accordingly, this no contact order—and the individuals identified by the Government—has been a subject of discussion among the parties and with the Court for an extensive period of time.

When Mr. Schwab appeared before the Court on August 22, 2025, to challenge the inclusion of his girlfriend on the no-contact list, the Government pointed to a single document that it claimed substantiated its assertion that Ms. Waits, his girlfriend, was engaged in knowing, fraudulent conduct. The Court (Vatti, M. J.), astutely noted that the single document failed to establish that Ms. Waits had engaged in any criminal conduct. Indeed, it was not clear—and is still not clear—that Ms. Waits had any personal knowledge that any ticket she used was purchased improperly. Accordingly, the Court ordered that "[i]f the government wishes to submit any additional information/material addressing its

contention at ECF 97-3 that defendant's girlfriend, S.W., falls into the category of individuals "who have been involved in past criminal conduct" with the defendant, it shall do so by 5:00p.m. on Friday, August 29, 2025. As the Court observed, the present record on this issue consists of the single document provided at ECF 93-1, which does not in and of itself warrant the Court reaching that conclusion." Order, ECF No. 120.

The Government's status report fails to address the Court's question concerning allegations of criminal conduct by Ms. Waits. In its report, the Government claims, for the first time since litigation over the bond issue began in May 2025, that "on at least six occasions in 2024, tickets in [Ms. Waits'] name were obtained." This allegation (without any accompanying information) adds nothing to the Government's claim and patently fails to address the Court's inquiry. The Court still does not have before it a single piece of information to indicate Ms. Waits engaged in any criminal conduct. The mere mention of six tickets using various identifying information provides no additional insight. Indeed, it is not even clear whether some of those tickets were simply plane tickets that Ms. Waits purchased for her own personal travel, and there is certainly no information to deduce that she had any knowledge of any improper conduct.

The parties have been engaged in litigation about bond and the proposed conditions since May 2, 2025. Mr. Schwab, through counsel, objected to the inclusion of Ms. Waits on the no-contact list at the hearing on July 15, and filed a motion to modify conditions on July 25, 2025, after the Government produced a single, uninvestigated IC3 in support of its argument. After months, the Government remains unable to advance any credible information that Ms. Waits engaged in any criminal conduct that would justify her inclusion on the no-contact list and an infringement on her and Mr. Schwab's First Amendment rights of association.

2

WHEREFORE, for reasons set forth in Mr. Schwab's Motion to Modify and at the hearing on this motion, he respectfully asks this Court to remove Ms. Waits from the no-contact list. Given the time that has elapsed since this matter was first raised with the Court, the Government should not be granted any additional time to "complete" its investigation.

<div style="margin-left:50%">

THE DEFENDANT,
James Schwab

By his counsel,

</div>

Dated: August 29, 2025

<div style="margin-left:50%">

/s/ Allison M. Near
Allison M. Near
Jacobs & Dow, LLC
350 Orange Street
New Haven, CT 06511
Phone: (203) 772-3100
Bar No.: ct27241
Email: anear@jacobslaw.com

Marc Agnifilo
Agnifilo Intrater LLP
445 Park Avenue
Ste 7th Floor
New York, NY 10022
646-205-4350
Email: marc@agilawgroup.com

Teny Geragos
Agnifilo Intrater LLP
445 Park Avenue
Ste 7th Floor
New York, NY 10022
646-205-4350
Email: teny@agilawgroup.com

</div>

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<div style="text-align:center">

/s/ Allison M. Near
Allison M. Near

</div>