CLOSED,CUSTODY

# U.S. District Court
## Eastern District of Missouri (St. Louis)
## CRIMINAL DOCKET FOR CASE #: <u>4:25−mj−06252−PLC−1</u>

Case title: USA v. Faiq

Date Filed: 11/13/2025

Other court case number:  3:25−CR−30 SVN

Date Terminated: 11/25/2025

Assigned to: Magistrate Judge
Patricia L. Cohen

**Defendant (1)**

| | | |
|---|---|---|
| **Saif Faiq**<br>*TERMINATED: 11/25/2025* | represented by | **Edward K. Fehlig , Jr**<br>FEHLIG LAW FIRM LLC<br>3002 South Jefferson Ave<br>Suite 207<br>St. Louis, MO 63118<br>314−359−5690<br>Fax: 888−892−7819<br>Email: <u>ed@fehlig.com</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained*<br>*Bar Status: Active* |
| | | **St. Louis Fed Public Defender**<br>FEDERAL PUBLIC DEFENDER − St Louis<br>1010 Market Street<br>Suite 200<br>St. Louis, MO 63101<br>314−241−1255<br>Fax: 314−421−3177<br>Email: <u>moe_ecfnote@fd.org</u><br>*TERMINATED: 11/16/2025*<br>*Designation: Public Defender or Community Defender Appointment*<br>*Bar Status: Gov* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|

None

**Highest Offense Level
(Terminated)**

None

| Complaints | Disposition |
|---|---|
| RULE 5 COMPLAINT − OUT | |

**Plaintiff**

| USA | represented by | **Angie E. Danis** |
|---|---|---|

UNITED STATES ATTORNEYS
OFFICE − St. Louis
111 S. Tenth Street
20th Floor
St. Louis, MO 63102
314−539−2200
Email: angie.danis@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*
*Bar Status: Gov*

Email All Attorneys
(will not send to terminated parties)

Email All Attorneys and Additional Recipients
(will not send to terminated parties)

| Date Filed | # | Docket Text |
|---|---|---|
| 11/12/2025 | | RULE 5 COMPLAINT − OUT as to Saif Faiq (1). (DLB) Modified on 11/13/2025 (JAB). (Entered: 11/13/2025) |
| 11/12/2025 | | Arrest of defendant Saif Faiq; date of arrest: 11/12/2025 (TLR) (Entered: 11/13/2025) |
| 11/12/2025 | 1 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Patricia L. Cohen: Initial Appearance re: Rule 5c3 − MJ arrest case only as to Saif Faiq held on 11/12/2025. Defendant advised of rights and indicated an understanding of those rights. Court to appoint: Federal Public Defender. Pretrial Services Officer: Cori Kaslin. Rule 5c3 Removal Hearing as to Saif Faiq held on 11/12/2025 Defendant sworn. Defendant waives hearing. Arraignment as to Saif Faiq held on 11/12/2025. Defendant sworn. Defendant waives reading of indictment; plea of not guilty by Saif Faiq (1) Count Complaint. Order on pretrial motions to be issued. Attorney St. Louis Fed Public Defender for Saif Faiq added. Detention Hearing as to Saif Faiq held on 11/12/2025. Defendant sworn. Arguments heard. The Court grants the parties 2 days from the filing of the pretrial services bail report to file any supplement at which point the matter will be taken under submission. Order to issue. (Probation/Pretrial Officer: Cori Kaslin) (proceedings started: 4:04 pm) (proceedings ended: 4:25 pm)(FTR Gold Operator Initials: TLR) (Defendant Location: |

| | | |
|---|---|---|
| | | Custody)(Appearance for Government: Anthony Franks)(Appearance for Defendant: Kevin Gau) (TLR) (Entered: 11/13/2025) |
| 11/12/2025 | 2 | DUE PROCESS DOCKET TEXT ORDER as to Saif Faiq: Pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence −− that is, evidence that favors the defendant or casts doubt on the United States case, as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed by Magistrate Judge Patricia L. Cohen on 11/12/2025. (TLR) (Entered: 11/13/2025) |
| 11/12/2025 | 4 | Rule 5 papers prepared by the judge as to Saif Faiq. (JAB) cc: Counsel (Main Document 4 replaced on 11/17/2025) (LNJ). (Entered: 11/13/2025) |
| 11/12/2025 | 5 | WAIVER of Identity Hearing by Saif Faiq (JAB) Modified file date on 11/17/2025 (LNJ). (Entered: 11/13/2025) |
| 11/12/2025 | 8 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Saif Faiq for only the initial appearance. Signed by Magistrate Judge Patricia L. Cohen on 11/12/25. (JAB) (Entered: 11/17/2025) |
| 11/12/2025 | 9 | CJA 23 Financial Affidavit by Saif Faiq (JAB) (Entered: 11/17/2025) |
| 11/13/2025 | 3 | MOTION for Pretrial Detention and Hearing by USA as to Saif Faiq. (Danis, Angie) (Entered: 11/13/2025) |
| 11/16/2025 | 7 | ENTRY OF ATTORNEY APPEARANCE: by Edward K. Fehlig, Jr on behalf of Saif Faiq (Fehlig, Edward) (Entered: 11/16/2025) |
| 11/17/2025 | 10 | MOTION for Extension of the Deadline for Supplementing the Record and Request for a Hearing by Saif Faiq. (Fehlig, Edward) (Entered: 11/17/2025) |
| 11/18/2025 | 11 | ORDER: IT IS HEREBY ORDERED that the Motion for an Extension of the Deadline to Supplement the Record is GRANTED. Defendant has until November 20, 2025 to supplement the record. IT IS FURTHER ORDERED that a second hearing to supplement the record is DENIED. Signed by Magistrate Judge Patricia L. Cohen on 11/18/25. (JAB) (Entered: 11/18/2025) |
| 11/20/2025 | 12 | RESPONSE to Motion by Saif Faiq re 3 MOTION for Pretrial Detention and Hearing −Supplemental (Attachments: # 1 Exhibit Response)(Fehlig, Edward) (Entered: 11/20/2025) |
| 11/25/2025 | 13 | ORDER OF DETENTION granting 3 Motion to Detain as to Saif Faiq (1). Signed by Magistrate Judge Patricia L. Cohen on 11/25/25. (JAB) (Entered: 11/25/2025) |
| 11/25/2025 | 14 | COMMITMENT TO ANOTHER DISTRICT as to Saif Faiq. Defendant committed to District of Connecticut. Signed by Magistrate Judge Patricia L. Cohen on 11/25/25. (JAB) cc: USMS (Entered: 11/25/2025) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-MJ-6252 PLC |
| | ) | |
| SAIF FAIQ, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES OF AMERICA'S
### MOTION FOR PRETRIAL DETENTION AND HEARING

COMES NOW the United States of America and moves the magistrate judge to order defendant detained pending trial. The United States of America states as follows in support of its motion:

1.    Under the Bail Reform Act of 1984, 18 U.S.C. § 3142(e), a defendant may be detained without bail prior to trial where, after a hearing, a judicial officer finds that the United States has shown by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community. In the alternative, the United States may show by a preponderance of the evidence that defendant is a risk of flight. Stated another way, no condition or set of conditions will reasonably assure the defendant's appearance. *See* 18 U.S.C. § 3142(c), (e)-(f); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (*citing United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (*quoting United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc))); *United States v. Dorsey*, 852 F.2d 1068, (8th Cir. 1988); *United States v. Lewis*, 676 F. Supp. 1008, 1018 (E.D. Mo. 1991); *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987).

2.    Furthermore, the Bail Reform Act describes the factors to be considered in determining whether the required conditions of release exist. 18 U.S.C. § 3142(g). The court is directed to take into consideration the available information concerning:

> (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence…or involves a…firearm, explosive, or destructive devise;

> (2)    the weight of the evidence against the person;

Page **1** of **6**

4

> (3)　the history and characteristics of the person, including -
> - (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings…;
>
> (4)　the nature and seriousness of the danger to any person or the community that would be posed by the person's release…*Id.*

In doing so, it is appropriate for this court to consider challenged evidence in ruling on a motion for pretrial detention. *United States v. Apker*, 964 F.2d 742, (8th Cir. 1992) (citing 18 U.S.C. § 3142(f) (rules concerning admissibility of evidence in criminal trials do not apply in detention hearings); *United States v. Angiulo*, 755 F.2d 969, 974 (1st Cir. 1985) (challenged information via electronic surveillance may be considered regarding detention ruling at least until court determines information was illegally obtained)).

3.  Detention is appropriate here pursuant to Title 18, United States Code, Sections 3142(g)(1), 3142(g)(2), 3142(g)(3) and Section 3142(g)(4). The nature and circumstances of the offenses merit detention. A federal grand jury in the District of Connecticut has charged the defendant and others with two crimes. Count One charges the defendant with a Hobbs Act conspiracy and attempt, in violation of Title 18, United States Code, Sections 1951 and 2. If convicted on that count, the defendant faces a 20-year maximum prison term. Count Two charges the defendant with a kidnapping conspiracy, in violation of Title 18, United States Code, Section 1201. If convicted on that count, the defendant faces a maximum of life imprisonment. Accordingly, the charges against the defendant are exceedingly serious. And the facts confirm the severity of the crimes. In late August 2024, the defendant and three others flew from St. Louis, Missouri to Westchester County, New York and from there drove to Connecticut. The reason for their trip was the planned home invasion and robbery/extortion of a young man in Danbury, Connecticut who was known to have tens of millions of dollars in Bitcoin in his possession. The defendant recruited his St. Louis associates by promising them a hefty payment for their services, handled certain logistics for the trip, acted as the go-between for the planners of the scheme (including the defendant's brother) and those who would perpetrate the hands-on aspects of the crime, and was set to handle the forced transfer of Bitcoin from the intended victim. The defendant and his associates stalked the intended target and his parents over the course of two days, waiting for the opportunity to force their way into the target's home and coerce him through violence and threats to transfer the millions in cryptocurrency to accounts controlled by the defendant and his co-conspirators. When the plan evolved to include the forced kidnapping of the intended victim's middle-aged parents, the defendant's St. Louis compatriots

Page **2** of **6**

expressed reservations as they believed they were unduly exposed. The defendant made efforts, along with his brother, to convince them to see the crime through to fruition. When those efforts failed, another crew arrived from Miami and did in fact forcibly abduct the parents – dragging them from their vehicle on a public street, beating them with bats and fists, throwing them into the back of a van, binding them with duct tape, threatening to kill them, and driving them in the direction of a rented house in a different town where they planned to hold them hostage. The victims were saved by the quick action of Danbury Police who had been alerted promptly by several eyewitnesses to the crime. But the victims were seriously injured and severely traumatized. Thus, the nature and the circumstances of the offenses charged – both involving the intent to use extreme violence -- weigh heavily in favor of detention.

4.      The weight of the evidence against the defendant is strong and supports detention as well. Substantial evidence, including phone data and other information obtained by the agents, shows the defendant's efforts to recruit the others to travel with him to Connecticut to participate in the scheme. Further, data from his phone places him in Connecticut during the relevant time period as do witnesses. Additionally, data extracted from phones of conspirators includes messages between the defendant and various conspirators during the crimes and after, including those that discuss the defendant's concern that his associates will talk to law enforcement about his participation in the crimes. At the time of his arrest, agents executed a search warrant at his home. Items found there corroborate evidence already obtained by investigators of the defendant's involvement in the charged offenses.

5.      Defendant's personal characteristics weigh in favor of detention too. Despite his youth, the defendant has been arrested four times by police in St. Louis. Each arrest includes resisting or interfering with police, often alongside several other charges. While his first two arrests (in 2021 and March 2023) have no disposition shown, the defendant was arrested on May 24, 2023 for unlawful use of a weapon – possession of a weapon/felony controlled substances offense, for unlawful delivery of a controlled substance, unlawful possession of drug paraphernalia, tampering with a motor vehicle (1st degree) and for resisting arrest. Ultimately, he was convicted of resisting arrest by fleeing and creating a substantial risk of serious injury/death and sentenced to a 3-year term of probation. On December 6, 2023, he was arrested again for similar charges – tampering with a motor vehicle 1st degree, resisting arrest by fleeing and creating substantial risk of serious injury/death, resisting/interfering with a felony arrest, and resisting/interfering with arrest/detention/stop. That case was resolved with a plea to resisting/interfering and a 2-year probationary sentence in April 2024. The defendant committed the crimes (and traveled out of state to do so) just a few months after being placed on probation and SIS status. His record shows that he has a penchant for fleeing from police and resisting arrest

Page **3** of **6**

(and putting others at risk when he does so) as well as involvement with weapons and drugs.[1]

6.  Danger to the community may be established by presenting "significant evidence linking [the defendant] to the violent crime for which he was indicted." *Abad*, 350 F.3d at 797 (*citing Mercedes*, 254 F.3d at 435, 438). As noted above, strong evidence links the defendant to the charged conspiracies which involve the brazen, violent abduction of two people on a public street in the middle of the day. The United States has established the requisite link.

Second, the defendant is a danger to potential witnesses and others who have cooperated in the investigation of this case. We are aware that he has maintained contact with persons he recruited for the charged crimes and that he is concerned about what they might say if questioned. To release the defendant, now that he has been indicted for these significant crimes, would be dangerous to others.

7.  Other circumstances show the defendant to be a flight risk as well as a danger. During the search of his home, agents found a fraudulent identification with the defendant's photograph and a name other than his own. Further, we are aware that the defendant has an Iraqi passport that was not found by agents during the search. Moreover, on September 19, 2024, after the federal arrests of certain persons who were associated with the Danbury target in this case, the defendant communicated to his brother his concern that those he recruited to go to Connecticut with him would talk to law enforcement. He texted his brother -- "I gotta pack me a get out of the country bag." As the defendant has significant ties outside this country, the statement was not an idle one. His brother, also charged in this case, traveled outside the country extensively before his detention after a federal arrest in a separate case from Los Angeles in September 2024. The California case against the defendant's brother involves his participation in a fraudulent scheme that netted millions of dollars and his exploitation of his corrupt relationship with members of law enforcement, including those who had participated in federal task forces and accessed federal databases. These circumstances, including the strong possibility of available financial resources, support a finding of risk of flight.

Furthermore, the substantial punishment the defendant is facing at the federal level where parole has been abolished provides an overwhelming incentive to flee to avoid prosecution. *See United States v. Kaplan*, Case No. 4:06CR337 CEJ (E.D. Mo. June 13, 2007) (Medler, J.) (defendant detained where, among other things, maximum amount of over 70 years of imprisonment provided incentive to flee) (*citing United States v. Martir*, 782 F.2d 1141, 1147 (2nd Cir. 1986) (maximum combined terms of imprisonment of a 105 years creates potent incentives to flee); *United States v. Arndt*, 329 F. Supp. 2d 182, 199

---

[1] While agents did not find guns when they searched his house at the time of his arrest, they did find a live round of ammunition.

Page **4** of **6**

(D. Mass. 2004) (facing lengthy term of imprisonment is in itself an incentive to flee); *United States v. Lewis*, 767 F. Supp. 1008, 1010 (E.D. Mo. 1991) (facing severe sentence if convicted provides incentive to flee)).  In fact, a court's concern that the possibility of life imprisonment may heighten the risk of flight is relevant and a valid, singular basis for detention.  *United States v. El-Gabrowny*, 35 F.3d 63, 65 (2d Cir. 1994) (no constitutional violation in long pretrial detention where prospect of lengthy term in prison provides great incentive to flee); *United States v. Gonzalez*, 995 F. Supp. 1299, 1303 (D. N.M. 1998); *United States v. Nichols*, 897 F. Supp. 542, 547 (W.D. Okla. 1995) (prospect of lengthy prison term, life imprisonment, or death penalty provides defendant with great incentive to flee).  Indeed, as noted above, the defendant's own text messages show his incentive to flee. Other circumstances – including the defendant's use of fraudulent identification and his substantial ties outside the country – indicate that he would have options for flight that other defendants lack.

WHEREFORE, the United States respectfully requests this magistrate judge to order defendant detained prior to trial.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

/s/ *Angie E. Danis*
ANGIE DANIS, #64805MO
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200
Angie.Danis@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was delivered to all parties of record via the Court's CM/ECF filing system. The Government has also delivered, via electronic mail, this 13th day of November, 2025 a copy of this motion to Assistant Federal Public Defender Kevin Gau, who represented the above-captioned defendant at his Rule 5 hearing.

/s/ *Angie E. Danis*
ANGIE DANIS, #64805MO
Assistant United States Attorney

Page **5** of **6**

AO 466A (Rev. 07/16) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Missouri

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 4:25-MJ-6252 PLC |
| **SAIF FAIQ** | ) | |
| | ) | Charging District's Case No. 3:25-CR-30 SVN |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* District of Connecticut

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:    11/12/2025

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
(EASTERN DISTRICT)

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )        No.  4:25-mj-06252 PLC-1
                                    )
SAIF FAIQ,                          )
                                    )
            Defendant.              )

## ENTRY OF APPEARANCE

COMES NOW Edward K. Fehlig, Jr., and enters his appearance on behalf of the

Defendant in the above-styled cause of action.


Respectfully Submitted,


s/ Edward K. Fehlig, Jr.
Edward K. Fehlig, Jr.
3002 S. Jefferson Ave. St # 207
St. Louis, Missouri 63118
MOBAR # 53498
Telephone: (314) 359-5690
Fax: (888) 892-7819


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the United States Attorney's Office.

/s/ Edward K. Fehlig, Jr.

11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  4:25-MJ-6252 PLC |
| | ) | 3:25-CR-30 SVN (D/CT) |
| SAIF FAIQ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A (c) and, the Criminal Justice Act Plan for the Eastern District of Missouri, IV, B, the Federal Public Defender for this District is hereby appointed to represent the above-named defendant for:

☑ The initial appearance only.

☐ All further proceedings in this case.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of November, 2025

12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
(EASTERN DISTRICT)

UNITED STATES OF AMERICA,                    )
                                             )
             Plaintiff,                      )
                                             )
vs.                                          )        No.  4:25-mj-06252 PLC-1
                                             )
SAIF FAIQ,                                   )
                                             )
             Defendant.                      )

**DEFENDANT'S MOTION FOR AN EXTENSION OF THE DEADLINE TO**

**SUPPLEMENT THE RECORD AND REQUEST FOR  ORAL ARGUMENT ON THE**

**RECORD**

COMES NOW Defendant, by and through undersigned counsel, and respectfully moves this Court for (1) an extension of the deadline to submit supplemental materials related to detention, and (2) an order setting a hearing to take additional oral argument on the record pursuant to 18 U.S.C. § 3142(f). In support, Defendant states as follows:

**I. PROCEDURAL BACKGROUND**

1. Defendant appeared for an initial detention hearing where he was represented by the Federal Public Defender's Office. Doc. 1.

2. Prior to and during that hearing, it is counsel's understanding that the U.S. Pretrial Services Bail Report was not available, leaving the Court and the parties without the statutory baseline information required by 18 U.S.C. § 3142(g).

3. Because the Bail Report was unavailable, defense counsel at the time requested a continuance to allow for review of the Report and preparation of a full record.

4. The Magistrate Judge denied a request for a continuance but permitted the record to remain open for supplementation. Doc. 1.The federal defender advised that the record

was likely to be open until Wednesday. However, in reviewing the record, it appears that technically, as the bail report was issued on 11/13/2025, the date for supplementing the record would be today. Doc. 1.

5. Since the hearing, Defendant has retained undersigned counsel, who has just received the Pretrial Services report and requires adequate time to (a) review the Pretrial Services Report, (b) gather supplemental information from the family, and (c) prepare evidence and argument necessary to complete a reliable detention determination.

**II. GOOD CAUSE EXISTS TO EXTEND THE DEADLINE FOR SUPPLEMENTATION**

Under 18 U.S.C. § 3142(f), the Court may permit a continuance or give the parties time to supplement a detention determination  for good cause, such as when new information exists that was not available at the time of the hearing and has a material bearing on the issues of flight risk or danger to the community.

Good cause exists here:

1. The Pretrial Services Report—central to any detention determination—was not available at the initial hearing**.** Courts consistently recognize that a detention hearing conducted without access to the Pretrial Report lacks the full evidentiary foundation contemplated by the Bail Reform Act.

2. Defendant has now retained new counsel**.** New counsel has just received that bail report and requires reasonable time to review the Report, investigate factual matters, meet with family members, verify employment, and obtain documents relevant to the § 3142(g) factors.

3. Defendant is in the process of obtaining supplemental evidence, including:
   - o   verified employment history;
   - o   confirmation of residential placement with family;
   - o   supporting statements from responsible third parties;

14

   o supplemental information related to Defendant's ties to the community and compliance with prior conditions.

This evidence was not available at the time of the initial hearing and has direct bearing on the appropriateness of detention.

## III. A HEARING FOR ADDITIONAL ARGUMENT IS NECESSARY AND WARRANTED

Additional oral argument regarding detention hearing is appropriate where:

(1) material information (including the bail report) was unavailable at the time of the original hearing; (2) the prior hearing record was incomplete through no fault of the defendant; and (3) supplemental evidence may change the Court's analysis under § 3142(g). It is the defendant's position that the detention hearing was not complete.

Here, the absence of the Pretrial Services Report alone satisfies this standard. The Report's findings regarding residence, employment, prior appearances, supervision history, and family support are essential to the Court's statutory inquiry. The Bail Reform Act contemplates that the Court and the parties will have the benefit of this report before making a detention decision. Defendant has not yet had a chance to review the bail report.

Additionally, Defendant's supplemental evidence—including verified employment, community ties, and third-party custodial arrangements—was not fully available for presentation at the initial hearing. This information materially affects the assessment of both flight risk and danger.

A hearing to supplement the record is therefore warranted both to ensure the completeness of the record and to safeguard Defendant's rights under the Bail Reform Act.

### IV. REQUEST FOR RELIEF

Defendant respectfully requests that this Court:

1. Extend the deadline to supplement the detention record for a reasonable period of time, specifically 3 days, until 11/20/2025); and

2.  Schedule a hearing to supplement the record pursuant to 18 U.S.C. § 3142(f), at which the Court may consider the Pretrial Services Report, Defendant's newly-proffered evidence, and any argument relevant to the statutory factors.

Counsel contacted  AUSA Angie Danis and she indicated that she does not oppose defendant getting additional time to supplement the record, but is opposed, and does not believe the defendant is legally entitled to, *another* detention hearing at the magistrate level. She submits that the only remedy is for Mr. Faiq is to appeal any decision to the District Court judge in Connecticut. Therefore, she opposes any additional hearing on the matter.

To be clear, the defendant is not requesting a second or duplicative detention hearing, but rather supplemental oral argument and evidentiary development on a record that was concededly incomplete at the time of the initial proceeding. Most critically, the U.S. Pretrial Services Report—an essential component of any detention determination under 18 U.S.C. § 3142(g)—was not available to defense counsel, the Government, or the Court during the initial hearing. This is not a Request to Reopen. The magistrate expressly left the record open for supplementation, and the Bail Reform Act permits supplementation, whether oral and/or written, where information not available at the first hearing has a material bearing on detention. The defense's request falls squarely within that framework and seeks only the opportunity for the Court to consider the complete statutory record before making a final ruling.

WHEREFORE, Counsel respectfully requests the deadline for submitting written supplementation be granted until 11/20/2025; and that a hearing to supplement the record be scheduled for the afternoon of Thursday, 11/20/2025; any time on Friday, 11/21/2025, or any time between 11/24/2025 through 11/26/2025.

Respectfully Submitted,


s/ Edward K. Fehlig, Jr.

16

Edward K. Fehlig, Jr.
3002 S. Jefferson Ave. St # 207
St. Louis, Missouri 63118
MOBAR # 53498
Telephone: (314) 359-5690
Fax: (888) 892-7819

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the United States Attorney's Office

/s/ Edward K. Fehlig, Jr.

17

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) **Case No. 4:25-MJ-6252 PLC** |
| | ) |
| **SAIF FAIQ,** | ) |
| | ) |
| **Defendant.** | ) |

## **ORDER**

This matter is before the Court on Defendant's Motion for an Extension of the Deadline to Supplement the Record and Request for Oral Argument on the Record [ECF No. 10].[1] Defendant contends that because the Pretrial Services Report was not available at Defendant's detention hearing (at which the Public Defender represented Defendant), he is entitled to: (1) additional time to provide written supplementation of the record; and (2) a supplemental hearing. According to Defendant's newly entered defense counsel, the Government does not object to an extension of the deadline to supplement the record following receipt of the Pretrial Services Report but is opposed to a supplemental hearing. Having reviewed Defendant's motion, and, in particular, the lack of any support beyond conclusory assertions for Defendant's contention that he is entitled to a second hearing,

---

[1] Although Defendant has titled his motion, in part, as a request for oral argument, Defendant in fact has requested "a hearing to supplement the record" [ECF No. 10].

**IT IS HEREBY ORDERED** that the Motion for an Extension of the Deadline to Supplement the Record is **GRANTED**. Defendant has until November 20, 2025 to supplement the record.

**IT IS FURTHER ORDERED** that a second hearing to supplement the record is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of November, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  4:25-mj-06252 PLC-1 |
| | ) | |
| SAIF FAIQ, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE TO MOTION FOR DETENTION

COMES NOW Defendant, by and through undersigned counsel, Edward Fehlig, and respectfully submits this Response to the Government's Motion to Detain for purposes of supplementing the record.  After consideration of the statutory factors under 18 U.S.C. § 3142(g), properly weighed and applied, the Court can fashion a set of stringent conditions that will reasonably assure both the Defendant's appearance as required and the safety of the community.  The Government has not met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, nor by a preponderance of the evidence that Defendant presents a serious risk of flight.

The Bail Reform Act requires the Court to impose the least restrictive conditions that will reasonably assure appearance and safety. 18 U.S.C. § 3142(c)(1)(B).  The record here supports release under strict conditions including home detention, electronic monitoring, third-party custodianship, surrender of travel documents, and any other conditions this Court deems necessary.

**INTRODUCTION**

Mr. Faiq has lived in St. Louis for twelve years, since age ten, and is a naturalized U.S. citizen.  For the past fourteen months, despite knowing he was under investigation and being publicly named as a target, he never fled or attempted to conceal his identity. He surrendered voluntarily, maintains strong family and community ties, and presents verified support from both parents. See attached letters. The controlling law and facts establish that appropriate conditions can reasonably assure his appearance and the safety of the community.

**I. LEGAL FRAMEWORK FOR PRETRIAL RELEASE**

The Bail Reform Act, 18 U.S.C. § 3142, makes clear that detention is the carefully limited exception to pretrial release, permitted only when the government establishes its burden by clear and convincing evidence for dangerousness, and by a preponderance for risk of flight. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).  Courts must consider and prefer the least restrictive conditions, not simply default to detention based on risk speculation. *Orta*, 760 F.2d at 891–93.

A court "may not impose a financial condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c)(2).  All alternatives to detention must be considered before denying bond. *Id.*; *Orta*, 760 F.2d at 891-892.

**II. RELEVANT BIOGRAPHICAL FACTS**

Mr. Faiq lives with his parents in St. Louis; he has a high school diploma, technical training, and strong family bonds. See ECF Doc. #6, pp. 1-2.  His parents have

offered to serve as third-party custodians and secure a substantial bond. Despite Government speculation, Pretrial Services confirms he possesses only a U.S. passport, neither an Iraqi passport nor any foreign travel documentation. *Id* at 1-2.

After being named in the Schwab indictment over a year ago and learning of the investigation, Mr. Faiq remained in St. Louis, continued living openly, and was compliant at arrest.

## III. FLIGHT RISK: GOVERNMENT AND PRETRIAL SERVICES CONCERNS

### A. Factual Evidence Supports Stability, Not Flight

For more than a year after details of the investigation became public, Mr. Faiq made no attempt to depart Missouri or change his identity – a powerful indicator that he does not pose a serious flight risk. This stands in contrast to cases where defendants actually fled while under indictment. *United States v. Payne*, 660 F. Supp. 288, 290–91 (E.D. Mo. 1987). The *Payne* defendant relocated to Arkansas, lived under an assumed name for 14 months. *Id.* at 291.

### B. Addressing Failures to Appear and Probation Violations

Pretrial Services notes several past FTAs – predominantly traffic or municipal citations – and probation violations, including travel to Connecticut without officer approval. See ECF Doc. #6, pp. 4-5. These show poor judgment, mostly as a teenager and young adult, but do not amount to absconding from serious felony or federal prosecutions. Mr. Faiq has never missed a court date in felony federal proceedings. Each risk can be specifically managed by conditions: strict home detention, GPS tracking, and ongoing reporting.

## C. Passport, Financial, and Identification Issues

Mr. Faiq's sole passport is U.S.-issued. See ECF Doc. #6, p. 2. He did have an Iraqi passport but it expired many years ago. His parents have his current U.S. passport and will surrender the passport should he be released. There is no credible evidence that he possesses substantial financial resources to support flight. While he maintains employment selling cars, he lives with his parents and has limited income. The lone fake ID cited was never used to avoid legal process or facilitate travel and represents a common youthful indiscretion rather than evidence of flight planning. Speculation about funds or passports cannot meet the necessary burden of establishing "clear and convincing evidence," by "a preponderance of the evidence." *Orta*, 760 F.2d at 891–92.

## D. Substance Abuse History and Remediation

Mr. Faiq acknowledged daily marijuana use and past cocaine use that was occasional, with a positive marijuana test during state probation. See ECF Doc. #6, pp. 3-4. These are real concerns, and these concerns can be thoroughly managed by court-mandated conditions (random drug testing and substance abuse treatment), in addition to home detention supervision under § 3142(c)(1)(B).

## IV. DANGEROUSNESS: GOVERNMENT BURDEN NOT MET

Pretrial detention requires proof by clear and convincing evidence that no combination of conditions will *reasonably assure* the safety of any other person and the community. 18 U.S.C. § 3142(f); *Abad*, 350 F.3d at 797.

Although the charge is serious, the record offers no evidence that Mr. Faiq used violence, possessed weapons for criminal purposes, or intimidated witnesses. The violent

23

conduct described by the government was committed by others; Mr. Faiq's group left prior to those events. Most critically, the Government's allegations regarding the kidnapping materially overstate Defendant's involvement. The evidence—by the Government's own description—demonstrates:

1. Defendant did not participate in any kidnapping. The kidnapping was carried out by a completely different group of individuals from Miami, with no demonstrated link to Defendant. Defendant was not present for the kidnapping, did not communicate with those actors, and did not plan or facilitate their involvement. Defendant does not know them, nor knew of their existence.

2. The Government does not allege that Defendant used, carried, brandished, or possessed any weapon.

3. The Government's own narrative separates the defendant's group from the kidnapping group.

This is not a case where Defendant is alleged to have been part of the crew that used violence or even attempted violence.

Accordingly, the offense conduct—while serious—does not place Defendant in the category of violent offenders whose personal conduct demonstrates danger. Courts routinely release defendants charged in serious federal conspiracies where individualized evidence shows limited participation.

Mr. Faiq's criminal history features mostly non-violent misdemeanors, with no convictions for violence and no recent findings of interpersonal violence. See ECF Doc. #6, pp. 4-5.

24

The pattern of arrests, as reported, does not translate into convictions for dangerous offenses. Family support remains significant – his parents, confirmed credible by pretrial services, are willing to supervise and post bond. *Id*.

## V. HOW CONDITIONS ADDRESS RISK AND SAFETY

Release conditions can be tailored to meet the Court's concerns, including:

- Home detention at the family residence with third-party custodianship;
- Continuous electronic GPS monitoring;
- Surrender of all passports and travel documents;
- Regular and random drug testing;
- Mandatory substance abuse treatment, if directed by the Court;
- Travel restricted to the district;
- Frequent reporting to Pretrial Services;
- Prohibition on contact with co-defendants or witnesses;
- No possession of firearms or dangerous weapons;
- Substantial secured financial bond;
- Any additional reasonable conditions the Court believes appropriate.

These conditions directly counter concerns raised by the government and Pretrial Services. As the Eighth Circuit instructs, the law mandates consideration of all such alternatives before ordering detention. *Orta*, 760 F.2d at 890–92; *Abad*, 350 F.3d at 797.

## CONCLUSION:

Mr. Faiq freely acknowledges his past lapses and substance abuse issues. But release under the Bail Reform Act remains the rule, not the exception. *Orta*, 760 F.2d at 891. All legitimate risks identified in the Bail Report and by the Government can be managed with modern conditions and supervision. Pretrial detention should not be imposed on speculation, past mistakes, or a history of low-level offenses, especially when

25

the Defendant stayed in the community knowing of investigation and is surrounded by

credible support.

WHEREFORE the foregoing reasons, Defendant respectfully requests release on

the conditions above, and any other that this Court deems necessary.


Respectfully Submitted,



s/ Edward K. Fehlig, Jr.
Edward K. Fehlig, Jr.
3002 S. Jefferson Ave. St # 207
St. Louis, Missouri 63118
MOBAR # 53498
Telephone: (314) 359-5690
Fax: (888) 892-7819




## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the United States Attorney's Office

/s/ Edward K. Fehlig, Jr.

26

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.    4:25-MJ-06252 PLC-1 |
| | ) | |
| SAIF FAIQ, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S EVIDENCE IN SUPPORT OF RELEASE

COMES NOW Defendant, by and through counsel, and submits the attached evidence, including letters from family, for the Court's consideration regarding bail.

Respectfully Submitted,

s/ Edward K. Fehlig, Jr.
Edward K. Fehlig, Jr.
3002 South Jefferson Avenue, Suite 207
St. Louis, Missouri 63118
Telephone: (314) 359-5690
Fax: (888) 892-7819
BAR# MO53498

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the United States Attorney's Office.

/s/ Edward K. Fehlig, Jr.

11/17/25

The Honorable Judge Cohen
United States Magistrate Judge

Re: Support Letter for Saif Faiq

Dear Judge Cohen:

My name is Asaad Mohammed, and I am the father of Saif Faiq. I write to respectfully express my full support for his release on bond and to assure the Court of my commitment to providing him with a stable, structured, and closely supervised home environment.

Saif Faiq has lived with our family in St. Louis for many years, and we have been closely involved in his day-to-day life. In our home, he is respectful, cooperative, and dependable. Our family has deep roots in the community, and we stand ready to support him through this process. He also has a documented history of maintaining legitimate employment, including his recent work selling cars.

If the Court allows his release, we are fully willing to have him reside in our home at ▋▋▋▋▋▋ Dr. Saint Louis Mo, 63125, where we will be present daily and able to supervise him. We understand the seriousness of the charges and the importance of strict compliance with all conditions of release. We are committed to ensuring that he appears for every court hearing, complies with all restrictions imposed by the Court or Pretrial Services, and adheres to any monitoring or supervision requirements.

Our family believes that with firm guidance, close supervision, and a structured living environment, Saif will comply fully with the Court's orders. We are prepared to support him in every way necessary and to maintain open communication with the Court or Pretrial Services if required.

Thank you for your time and consideration of this letter.

Respectfully,

Asaad Mohammed

Father of Saif Faiq

28

11-17-25

The Honorable Judge Cohen
United States Magistrate Judge

Re: Support Letter for Saif Faiq

Dear Judge Cohen:

My name is Rawand Faiq and I am the sister of Saif Faiq. I write to respectfully express my support for his release on bond and to share my commitment to assisting him in complying with any conditions set by the Court.

I have known my brother all my life, and I have always known him to be a caring and dependable member of our family. He has lived in St. Louis for many years and our family is closely connected here. We remain a strong support system for him, and we are prepared to help him navigate this process responsibly. I am aware that he has worked consistently, including his recent employment selling cars, and I believe he can continue to do so if released.

If the Court permits his release, I will actively support and assist our parents in ensuring he complies with all conditions imposed by the Court or Pretrial Services. This includes helping him keep track of court dates, arranging transportation when needed, and ensuring he follows any restrictions relating to travel, communication, or supervision.

I understand the seriousness of the situation and the importance of reliable supervision. I am willing to be available to Pretrial Services or the Court if needed, and I will do everything I can to make sure he adheres to all obligations.

Thank you for considering this letter. My family and I stand ready to support Saif Faiq and to help ensure he complies fully with the Court's orders.

Respectfully,

**Rawand Faiq**

**Sister of Saif Faiq**

███████████  **Saint Louis Mo, 63125**

314-4███████

Case 4:25-cr-00525-PLC    Document 12-1    Filed 11/20/25    Page 30 of 35 PageID#44
79

# Bayless Senior High School

## This Certifies That

## Saif Faiq

has satisfactorily completed the Course of Study prescribed for Bayless
Senior High School and is entitled to this

## Diploma

Given at St. Louis County, in the State of Missouri

May 21, 2021

_Jeffrey M. Preisack_
PRESIDENT, BOARD OF EDUCATION

SUPERINTENDENT

_Deborah A. Meyer Higgins_
SECRETARY, BOARD OF EDUCATION

PRINCIPAL

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Missouri

United States of America )
v. )
SAIF FAIQ ) Case No. 4:25-MJ-6252 PLC
)
_Defendant_ )

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

    ☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
    ☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** _(previous violator)_: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

        ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

        ☐ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

    ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

    ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

    ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ☑ Subject to lengthy period of incarceration if convicted
    ☑ Prior criminal history
    ☑ Participation in criminal activity while on probation, parole, or supervision
    ☑ History of violence or use of weapons
    ☑ History of alcohol or substance abuse
    ☑ Lack of stable employment
    ☐ Lack of stable residence
    ☐ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ Lack of significant community or family ties to this district
☑ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☑ Prior failure to appear in court as ordered
☑ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☑ Prior violations of probation, parole, or supervised release

## OTHER REASONS OR FURTHER EXPLANATION:

The Government charged Defendant with a violation of 18 U.S.C. § 1951 (conspiracy to commit Hobbs Act robbery); and 18 U.S.C. § 1201 (conspiracy to commit kidnapping). The Government moved for Defendant's detention on the grounds of: (1) history and characteristics; (2) weight of the evidence; (3) danger to the community; and (4) flight risk.

The Court held a hearing. Defendant appeared along with his counsel. The Government appeared through an assistant United States attorney. A Pretrial Services officer also appeared. The Pretrial Services Report was filed following the hearing. The Court permitted the parties time to file a response. Defendant filed a "Response to Motion for Detention" [ECF No. 12]. The Court adopts the Report and incorporates it herein. The Pretrial Services officer recommended detention.

At the hearing, the Government proffered the following in support of detention: Defendant is a danger to the community and a flight risk based on the underlying charges. No conditions are available to address flight risk or danger.

At the hearing, defense counsel proposed location monitoring and a home plan with Defendant's parents. Defendant's family are refugees from Iraq. Defendant is an "entrepreneur" and rehabs and sells cars. Defendant has two previous convictions. The underlying conduct in this case occurred in August 2024 and little connects Defendant to the case. In the supplemental materials, counsel contends that the record supports release under "strict conditions" including home detention, electronic monitoring, third party custodianship, and surrender of travel documents. Counsel also attached letters of support from family members.

CONTINUE ON NEXT PAGE

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  11/25/2025

_Patricia L. Cohen_

United States Magistrate Judge

SAIF FAIQ
4:25-MJ-6252 PLC


Defense counsel also asserted the following in support of release in his supplemental materials: Defendant did not flee during the last fourteen months despite knowing he was under investigation. Defendant lives with his parents and graduated from high school in St. Louis. Counsel acknowledges failures to appear and probation violations but contends this conduct demonstrates only "poor judgment, mostly as a teenager and young adult." Counsel further acknowledges the seriousness of the charges but claims Defendant did not use violence or "possess weapons for criminal purposes." Counsel further argues that the indictment demonstrates that the kidnapping at issue was perpetrated by others and Defendant's "group" was not the "kidnapping group."

The Pretrial Services officer provided the following information at the hearing and in the Report: Defendant is twenty-two years old and born in Iraq. Defendant is now a U.S. citizen. Defendant resided in St. Louis between the ages of ten and eighteen and then in Bel-Air and Newport Beach, California. Defendant currently lives with his parents. Defendant's brother is a co-defendant and incarcerated in California on a different case. Defendant has a history of failing to appear. Defendant lacks verifiable employment. Defendant was on supervision when the offense was allegedly committed. Defendant is a "multi-state offender." Defendant has been non-compliant while on supervision in the past. Defendant has had an order of protection filed against him. Defendant has previous arrests involving illegal narcotics and weapons. Defendant has a history of "illicit drug use." Defendant has had several arrests and convictions for Resisting Arrest and Resisting Arrest by Fleeing.


Based on the proffers of counsel, as well as the Pretrial Services Report and recommendation, the Court concludes that the Government proved by clear and convincing evidence that no conditions or combination of conditions will assure the safety of the community or Defendant's appearance. Accordingly, the Court grants the Government's motion for pretrial detention [ECF No. 4].

AO 94 (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.    4:25-MJ-6252 PLC |
| | ) | |
| SAIF FAIQ | ) | Charging District's |
| *Defendant* | ) | Case No.    3:25-CR-30 SVN |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ District of _____Connecticut_____ ,

*(if applicable)* _____ division.  The defendant may need an interpreter for this language:

_____ .

The defendant: ☐ will retain an attorney.

☒ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: _____11/25/2025_____

_____
*Judge's signature*

_____Patricia L. Cohen, U.S. Magistrate Judge_____
*Printed name and title*