UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

      v.                                 Crim. No. 3:25-CR-30 (SVN)(SDV)

JAMES SCHWAB                          February 19, 2026

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY

Defendant James Schwab has moved to modify the conditions of his release in several substantial ways. Undersigned counsel has spoken with Schwab's counsel and alerted her to some of the Government's concerns.  Below, we share those concerns with the Court.

1. Defendant seeks to be released from home restriction and of the condition that he be accompanied by a parent. He now asks that he be allowed away from the house, unsupervised, for 15 hours each day – from 6 AM to 9 PM. While the Government believes the defendant should pursue educational and lawful employment opportunities, at this time, he does not have a job and is not enrolled in any educational program. Neither seeking nor having a job, nor attending a class or classes, would require 15 hours away from his home from 6 AM to 9 PM every day. A less expansive period away from home would be more appropriate, and the schedule could be adjusted if the demands of a job or educational program necessitate it.  We therefore ask that, if a curfew is ordered, it be for a shorter period away from home and be dictated by the requirements of seeking and having a job or attending a class or classes.

1

In addition, our concerns about an expansive period, unsupervised, outside the home include that the defendant likely could access internet-capable devices that are not known to the Probation Office. (We address the request for him to have his own smart phone or laptop below but a device he owns is not the only device he may be able to access.) A GPS monitor is not going to alert the Probation Office to such access as devices/computers are ubiquitous. Nor is there any restriction on whom he may see or locations he may go.

2. From conversations with counsel, the Government understands that the request that the defendant be allowed to stay, with a parent, at a specific residence in Atlanta is to deal with the needs of this case as they arise. If our understanding is accurate, we do not object to this request. In addition, and similarly, if the defendant needs to travel to New York to consult with counsel, and is accompanied by a parent, the Government does not object, as long as he abides by the conditions imposed while there, as he would have to in Atlanta as well.

3. The Government has very serious concerns about the motion to allow the defendant access to an Internet-capable smart phone and/or laptop, particularly given the ask that he be unsupervised by any human custodian for several hours each day. Undersigned counsel asked the Probation Office how any monitoring of the defendant's cyber activity would be accomplished.  She responded as follows:

   a. The Probation Office would ask that the Government provide a list of websites and key words/phrases to which the defendant's access would be restricted.

- ■ Our response: The defendant was engaged in any number of fraudulent cyberscams using sites and apps well beyond what could be listed and certainly beyond our current knowledge. There would be no realistic way for us to put together such a list.  And no reason to believe any effective list could be created.

- ■ Should the Court consider allowing access, blocking everything and then whitelisting (that is, allowing) only the certain apps that might be needed for the defendant to seek a job or engage in an educational program or review discovery (which are the reasons for the request) is a far better way to ensure, to the extent possible, that the defendant does not use an internet-capable device for nefarious purposes as he has with regularity for years before his arrest. He would need to submit the names of the specific apps to Probation and to the Government for access to be approved.

- ■ Further, website/web-based virtual servers and other remote desktop capabilities would have to be blocked as well, which is not feasible. As a member of the FBI cyber group informed us – There are endless places where someone can rent a virtual desktop and then just do or install whatever they want to on that machine.

b.  The software would take screenshots of the defendant's activity periodically and then a review of the activity would take place once per week (pursuant to the national direction).

3

- ■ Our response: According to our cyber squad, this idea is far better in theory than in practice. First, as a technical matter, the program would have to ensure that the screenshots could not be disabled, which is not a given. Second, the volume of data that is produced is very high, apparently akin to watching a pole cam except that screenshot monitoring takes far longer because it requires actually reading rather than simply viewing.  In short, the data is so voluminous as to be impractical to review and thus not useful as a way to circumvent criminal conduct.

- ■ For this defendant, the computer was his weapon of choice, and he used it in many and sundry ways to victimize others. Keeping that weapon out of his hands is the far better course here.

4. The defense has requested that visitors to the home, including the defendant's girlfriend, be allowed to bring electronic devices with them as long as they are password or biometrically protected. The defendant should have no access to anyone's device and so, if they are in the home, they should be kept away from him, as confirmed by the Probation Office by whatever effective means they devise.

Respectfully submitted,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

_____/s/_____

KAREN PECK
ASSISTANT UNITED STATES ATTORNEY
1000 LAFAYETTE BLVD., 10TH FLOOR
BRIDGEPORT, CT 06604
FEDERAL BAR NO. ct14959

Tel.: (203) 696-3000
Karen.peck@usdoj.gov

**<u>CERTIFICATION</u>**

I hereby certify that on February 19, 2026 a copy of the foregoing was filed electronically, sent via e-mail to defense counsel, and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_____/s/_____

KAREN L. PECK
ASSISTANT UNITED STATES ATTORNEY
