UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : CRIMINAL NO. 3:25-CR-30 (SVN) |
| JAMES SCHWAB | : February 25, 2026 |

**REPLY RE MOTION TO MODIFY CONDITIONS OF RELEASE**

The defendant, James Schwab, hereby submits this reply to the Government's Response to Defendant's Motion to Modify, filed on February 19, 2026.  ECF No. 172.  For reasons set forth herein and at the hearing scheduled for March 5, 2026, Mr. Schwab respectfully asks the Court to grant the relief requested in Mr. Schwab's Motion to Modify Conditions of Release, filed on February 6, 2026. ECF No. 169.  Given Mr. Schwab's more than seven months of compliance with strict conditions of release, the proposed modifications are the least restrictive to reasonably assure the safety of the community and his appearance in court.  *See* 18 U.S.C. § 3142(c).

By its response, the Government objects to the following proposed modifications: (1) the duration of the proposed curfew from 6am to 9pm (although there is no objection to the modification from home confinement to a curfew); and (2) Mr. Schwab's access to internet capable devices.  The Government does not appear to take issue with the other proposed modifications.  Accordingly, Mr. Schwab, through counsel, addresses the Government's objections herein.[1]

---------------------------

[1] Counsel has continued to communicate with the Government about proposed changes to the no contact list and will file a supplemental motion in advance of the hearing on March 5, 2026.

<u>Proposed Modification to Location Monitoring Program</u>

As indicated in Mr. Schwab's motion, he seeks a modification from home detention to curfew, with the support of both the Connecticut and Georgia Probation Officers. The Government does not object to the modification, but rather takes issue with the length of the proposed period of time during which Mr. Schwab would be unsupervised.

Upon information and belief, the proposed window of 6am to 9pm is a standard period for a curfew, and Mr. Schwab has proposed giving the Probation Officer the authority to modify that timeframe as needed. That period of time enables Mr. Schwab to travel to and attend work or school and manage any other appointments that he must attend. Although the Government takes issue with the fact that Mr. Schwab does not have work or school lined up, his home confinement status, coupled with the inability to access any internet capable device, has made it nearly impossible to look for those opportunities. The step down to a curfew is standard practice for a defendant who has been conditions compliant, particularly when he has been fully compliant for over seven months. Mr. Schwab respectfully asks the Court to grant the modification as proposed.

<u>Proposed Modification to Permit Electronic Devices</u>

Mr. Schwab has asked the Court to modify his conditions so that he can access an internet capable electronic device, specifically a smartphone and a laptop/tablet, both of which would be equipped with electronic monitoring software provided by and monitored by the United States Probation Office. Given Probation's position that he start with one device at this time, he asked the Court to permit him to possess a smartphone with electronic monitoring software with the understanding he could seek approval for a second device following a period of compliance.

The Government's objection, which relies on speculation, entirely disregards the seven month period during which Mr. Schwab has demonstrated to the Court and to the Probation Officers

that he is capable of following strict conditions of release. The Government's concerns can be adequately addressed by the level of supervision proposed, which includes monitoring software. Given the significant penalties for any violation of those conditions, the Government's concerns are unfounded.

First, the Government is concerned that unsupervised hours would allow Mr. Schwab to access devices "not known to the Probation Office," and that the location monitoring does not to assist Probation in any efforts to detect potential violations. The lack of round-the-clock supervision is a concern in every case, but one that is ameliorated here by the fact that Mr. Schwab takes his conditions seriously and fully abides by them. His extended period of compliance should give this Court confidence to trust that Mr. Schwab will not access unidentified devices. Should there be any indication Mr. Schwab has accessed another device, that would constitute an immediate violation of his bond, resulting in the potential forfeiture of his parents' homes. Mr. Schwab has ably demonstrated his ability to adhere to very strict conditions—several of which could not be constantly monitored—and the Court should have every confidence that compliance will continue.

Second, the Government seems to believe it must come up with a list of websites or search terms in order for Probation to properly monitor any activity on the device. That is not so. Indeed, the most effective mechanism for monitoring any device stems from the fact that the monitoring software takes screenshots of the device every few seconds. As the Probation Office advised, the monitoring software will collect periodic screenshots regardless of whether any websites are identified or blocked. Any attempt to use encryption software would either show the content as encrypted or appear as black, either of which would be a red flag. Furthermore, the supervising officer would do periodic checks on the device to ensure the software is installed and there is no

3

evidence of tampering.

In other words, Probation invites the Government to provide additional input into the monitoring, but that input is not necessary to effectively monitor the defendant's device. The installation of monitoring software enables Probation to engage in real-time flagging, monitor any tampering or disablement of the software, and it permits Probation to search the device at any time. The fact that Mr. Schwab has some facility with electronic devices, as is the case with many defendants, should not preclude him from ever having a device.

The proposed modifications are directly in line with comparable cases where defendants have been charged with cyber-related crimes, which, notably, have not been charged here. In *United States v. Lam, et al.*, 1:24cr417 (CKK) (District of Columbia), the defendants were charged with participating in a RICO crypto-conspiracy that included, among other things, allegations of money laundering, wire fraud, break-ins to steal virtual currency wallets, and social engineering attacks. Several of the defendants were released on bond, and at the outset they were permitted to have electronic devices that were subject to monitoring. *See e.g.*, *United States v. Conor Flansburg*, Docket no. 3:24cr417 (CKK)(District of Columbia), ECF No. 90 (limiting use of digital devices to those disclosed to Probation, permitting possession of one virtual currency wallet); *United States v. Joel Cortes*, Docket No. 3:24cr417 (CKK) (District of Columbia), ECF No. 106 (at time of release, condition was imposed requiring monitoring software, but that condition was removed by agreement when the supervising district could not monitor the type of phone possessed by the defendant); *United States v. Marlon Ferro*, Docket No. 3:24cr417 (CKK) (imposing conditions that limit devices and usernames to those disclosed to probation, subject to monitoring by probation, and possession of only one virtual currency wallet). Indeed, the conditions imposed in these cases show the varying types of conditions that the Court can impose that would address the Government's

concerns.

As a practical matter, Mr. Schwab's options for employment and/or education are extremely limited if he cannot have access to a device, and as trial approaches, he needs access to devices to effectively communicate with his defense counsel.  Mr. Schwab has an established track record that warrants a modification to what would constitute, at this stage, the least restrictive conditions of release.

WHEREFORE, the defendant respectfully requests that this motion be granted.  Counsel proposes that all other conditions remain in effect.

THE DEFENDANT,
James Schwab

Dated: February 25, 2026

/s/ Allison M. Near
Allison M. Near
Jacobs & Dow, LLC
350 Orange Street
New Haven, CT 06511
Phone: (203) 772-3100
Bar No.: ct27241
Email: anear@jacobslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 25, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Allison M. Near
Allison M. Near