UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : CRIMINAL NO. 3:25-CR-30 (SVN) |
| JAMES SCHWAB | : February 27, 2026 |

**<u>SUPPLEMENTAL MOTION TO MODIFY CONDITIONS OF RELEASE</u>**

The defendant, James Schwab, through counsel, files this supplement to the Motion to Modify Conditions of Release, dated February 19, 2026. *See* ECF No. 172. As indicated in Mr. Schwab's motion, he also seeks further modifications to the no contact list provided by the Government. *See id.*, p.1 at fn 1. Specifically, Mr. Schwab seeks to modify the list to remove two individuals with the initials T.N. and A.A. who are childhood friends. The Government has indicated that the information relied upon to include these individuals on the no contact list is the same as that which was relied upon to put S.W. on that list.[1] As this Court has previously ordered that the Government's evidence was insufficient to include S.W. on the no contact list, he respectfully asks the Court to remove T.N. and A.A. from that list based on the same reasoning. In further support of this motion, Mr. Schwab states as follows:

1. At the time Mr. Schwab was released from custody on July 15, 2025, the Court imposed a condition that Mr. Schwab refrain from any contact with individuals identified on a list furnished by the Government.

---

[1] The Probation Officers indicate that they defer to the Court on any modifications pertaining to the no contact list.

2.      Mr. Schwab later moved to remove his girlfriend, S.W., from the no contact list on the grounds that the Government had failed to produce any evidence substantiating their claim that she was engaged in any fraudulent conduct.  The Court ordered the Government to produce evidence supporting its claim and subsequently convened a hearing on the motion. After receiving arguments from counsel, the Court granted Mr. Schwab's motion to remove S.W. from the no contact list:

> Under the Bail Reform Act, when imposing conditions of pretrial release, the Court is required to select "the least restrictive further condition or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person or the community" 18 U.S.C. 3142(c)(1)(B). The conditions may include "specified restrictions on personal associations" and no-contact orders. *Id.* However, such "no contact" restrictions are discretionary and not mandatory. *Id.* Here, the government seeks to maintain a no contact restriction between defendant and S.W. Defendant has proffered that he and S.W. are in a romantic relationship, that she is his "long-term girlfriend," and that she provides important emotional support for him. ECF 91 at 1. The government has not offered any evidence to dispute these assertions. Accordingly, the challenged no contact restriction affects a significant interest of the defendant, namely the right to free association guaranteed by the First Amendment. *See United States v. Lillemoe,* No. 3:15CR25 (JCH), 2015 WL 9694385, at *2 (D. Conn. May 28, 2015).
>
> In assessing no contact restrictions, Judge Merriam recognized in *Lillemoe* that, "a person charged by way of an indictment may be subject to pre-trial release conditions that infringe upon his constitutional rights, provided that there has been an independent judicial determination that such conditions are necessary." 2015 WL 9694385, at *2 (internal quotation and citation omitted). To restrict a defendant's right of association as the government requests, "there must be a powerful countervailing concern for the safety of the community." *Id.* In short, there must be a particularized showing that defendant and S.W. are likely to engage in conduct that would endanger the community should the no contact condition be lifted. *Id.* To satisfy this burden, the government argues that S.W. has engaged in fraudulent conduct with the defendant related to hacking of American Airlines ("AA") frequent flyer rewards accounts and that S.W. is among a group of individuals "who have been involved in past criminal conduct with the defendant." *See* ECF 90; ECF 97 at 3.

Order at ECF No. 126 (September 12, 2025).  After reviewing the evidence produced by the Government, the Court concluded it was insufficient to justify a condition prohibiting contact with

S.W., holding that "the record before the Court does not warrant the conclusion that S.W. has been involved in criminal activity even if a probable cause standard was applied or that defendant and S.W. are likely to engage in conduct together that poses a danger to the safety of the community if they have contact…". *Id.*

3. T.N. and A.A. are childhood friends of Mr. Schwab who are an important part of his support network. Counsel has asked the Government to indicate what evidence justifies the inclusion of T.N. and A.A. on the no contact list. In response, the Government advised that it has similar information relating to T.N. and A.A. as it did relative to S.W., namely documents from American Airlines linking these individuals to the use of American Airlines miles taken from Advantage Accounts. Yet, the Government has not produced any evidence to substantiate any claim of criminal activity by T.N. or A.A. Accordingly, Mr. Schwab submits this Court should follow the same reasoning articulated above to conclude that the Government's assertions do not warrant the conclusion that Mr. Schwab should be prohibited from contacting or visiting T.N. and A.A.

WHEREFORE, Mr. Schwab respectfully asks the Court to modify the conditions of release to remove T.N. and A.A. from the Government's no contact list, and to further permit him to visit and receive visits from these individuals, understanding they would be subject to the same requirements as other visitors who must password protect or biometrically protect any device. Given the dearth of evidence to support the Government's claim that these individuals engaged in any fraudulent conduct, such a condition exceeds the bounds of what is permitted under the Bail Reform Act, namely that the Court impose the *least* restrictive condition to assure the appearance of the defendant, and the safety of the community.

THE DEFENDANT,
James Schwab

Dated: February 27, 2026

/s/ Allison M. Near
Allison M. Near
Jacobs & Dow, LLC
350 Orange Street
New Haven, CT 06511
Phone: (203) 772-3100
Bar No.: ct27241
Email: anear@jacobslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Allison M. Near
Allison M. Near

4