UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

        v.                                 Crim. No. 3:25-CR-30 (SVN)

ADAM IZA                                  April 17, 2026

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO PERMIT GREATER ACCESS TO DISCOVERY

Defendant Adam Iza has moved the Court to issue an order for authorization of ten hours per week to review discovery at the Wyatt Detention Facility. He states that the facility provides him with three hours per week for discovery review. According to information provided by Wyatt officials, the defendant is not on a three-hour-per-week schedule and has been given additional time each week to review discovery. The circumstances as relayed by Wyatt officials are as follows.

Given the need to accommodate all detainees' access to discovery in their cases and to do so in a way that attempts to safeguard the security of discovery material and its contents, Wyatt's usual practice is to provide a detainee with the opportunity to review discovery weekly in three-hour increments, typically for one or two days each week. The detainee can take advantage of these opportunities or not. From the log provided by Wyatt, the defendant began to review discovery at the beginning of March.[1] By April 1, the defendant was given additional review time. He was permitted two 3-hour sessions on April 1, April 8, and April 15 (essentially 9 am to 4 pm on each of those days with a break over lunch), plus a 3-hour session on April 14. *See*

---

[1] The Government sent discovery materials to Wyatt when co-defendant James Schwab was detained there. After defendants Iza and Saif Faiq arrived at Wyatt, officials there believed, incorrectly, they had returned the materials to the Government. After being alerted by the Government that the discovery had not been returned, they gave the defendants access, starting in early March.

Discovery Evidence Review Log re: Adam Iza (Exhibit 1). According to Wyatt's program director, the defendant has been placed on the schedule to review discovery three times each week. Thus, Wyatt has already provided the defendant with additional review time.

Further, the review opportunities he has been given by Wyatt are in addition to any meetings he has with his attorney, investigator, or other member of the defense team. They are able to meet with him independently and go over discovery at length, above and beyond any time he has on his own.

Applicable law is clear that defendants do not have a right to personally review discovery.  Rather, "[c]ourts appoint lawyers for defendants in criminal cases so that the lawyers can do the legwork in preparing for trial," including discovery review. *United States v. Thompson*, 2013 WL 1809659, at *6-7 (D. Me. Apr. 29, 2013), *aff'd*, 851 F.3d 129 (1st Cir. 2017); *see also id.* at *7 ("I am aware of no case holding that the Constitution requires that a defendant represented by a lawyer must personally see all the discovery that the government discloses to defense counsel or even the discovery that he asked to see."); *United States v. Faulkner*, 2011 WL 3962513, at *4 (N.D. Tex. Sept. 8, 2011) ("[The defendant's] personal review of the disclosed digital data prior to trial is not constitutionally required or otherwise legally mandated where … [the defendant] is represented by counsel who has had the ability to review the discovery before trial."); *United States v. Mukhtar*, 2013 WL 12204792, at *7 (D. Nev. Feb. 13, 2013) (although "detention limit[ed] Defendant's ability to communicate with his counsel or review electronic discovery or other documentary or physical evidence as frequently or for as long as he might do [had he been] out of custody…. Defendant [was] … represented by competent counsel and ha[d] access to support staff and assistance to prepare his defense," which was sufficient for Sixth Amendment purposes); *United States v. Kvashuk*, 2020 WL 569862 at *4

(W.D. Wa. Feb. 5, 2020) (no right for prisoner to have personal access to electronic discovery; where lawyers can review electronic discovery with prisoner during legal visitation hours, to the extent a prisoner "needs to be 'informed of the details of the Government's evidence in this case if elects to testify … at trial', it is [counsel's] obligation to ensure that he is so informed") (citation omitted).

The Government provides discovery materials to Wyatt to assist the defense, and the officials at Wyatt do what they can to provide opportunities for the many detainees under their supervision to review discovery, consistent with the need to keep those materials secure and to give access to as many detainees as want it. They have, on their own accord, provided the defendant with additional time each week to review discovery, presumably to accommodate his request for that time. There appears to be no reason for the Court to order Wyatt officials to do what they are doing already, and good reason to allow them to coordinate discovery access consistent with their protocols and practice as those have been established to address the needs of all detainees and the security concerns the Government has as to the materials delivered to Wyatt.

For these reasons, the Government submits that the defendant's motion should be denied.

Respectfully submitted,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

_____/s/_____
KAREN PECK
ASSISTANT UNITED STATES ATTORNEY
1000 LAFAYETTE BLVD., 10TH FLOOR
BRIDGEPORT, CT 06604
FEDERAL BAR NO. ct14959
Tel.: (203) 696-3000
Karen.peck@usdoj.gov

## **CERTIFICATION**

I hereby certify that on April 17, 2026 a copy of the foregoing was filed electronically, sent via e-mail to defense counsel, and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
KAREN L. PECK
ASSISTANT UNITED STATES ATTORNEY

4