UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATE OF AMERICA | : | CASE NO.  3:25CR00030 (SVN) |
| VS | : | |
| ADAM IZA | : | APRIL 26, 2026 |

_____

**RESPONSE TO GOVERNMENT'S OBJECTION TO DEFENDANT'S
MOTION FOR GREATER ACCESS TO DISCOVERY**

The Government filed an objection to the defendant's motion to permit him greater access to the discovery arguing that the facility has extended him additional review time, beyond 3-hrs per week, starting on April 1, 2026.  At the time of the filing of the motion, counsel was not aware that the facility had given the defendant more time each week to review the voluminous discovery evidence.  Notwithstanding the additional time that the defendant now receives, his request is not unreasonable given the large volume of discovery and the complexity of the case.  This is a conspiracy case with significant video and cellphone evidence.  The underlying fact pattern of the case is connected to another federal indictment, (3:24CR00186(SVN), where the majority of evidence overlaps.  Accordingly, the sheer volume of evidence requires significant review, and the defendant's assistance is of utmost importance to the defense, especially explaining the data derived from his cellphone extraction.

Trial is scheduled to commence on September 22, 2026 and pretrial motions are scheduled to be filed approximately 2-months prior to the start of trial.  Contrary to the arguments advanced by the Government, counsel does not have the time or resources to spend

hours on end each week with the defendant reviewing the evidence.  It makes much more sense if the defendant was allotted a reasonable amount of time each week to have independent access to the discovery to assist counsel with this task.  The defendant's request is not unreasonable given the volume of material to review.  For example, in complex multi-defendant RICO cases in this district, it is not uncommon for defendants to have access to laptop computers to review the discovery.  This is done to accommodate detained defendants who raise similar arguments that they don't have sufficient access to the discovery.  The reality is that the Government is not prejudiced if the defendant receives a little more time each week to review the discovery.  And if the Court were to issue an order authorizing the defendant to have 10 hours of weekly access to the discovery it would dissuade the facility from unilaterally changing the privilege he currently receives.

Based on the foregoing, and bearing in mind the complexity of this case and the voluminous discovery produced to date, the defendant respectfully moves this Court to grant his request.

<div style="margin-left:50%">

Respectfully submitted,
The Defendant – Adam Iza


*/s/ William H. Paetzold*
William H. Paetzold
Paetzold Law Group
2230 Main Street
Glastonbury, CT  06033
Tel. (860) 657-2230
Federal Bar No.: ct10074

</div>

CERTIFICATION

       This is to certify that the foregoing was filed electronically on April 26, 2026 to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

                                           */s/ William H. Paetzold*
                                           William H. Paetzold