UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x

UNITED STATES OF AMERICA      :      Crim. No. 3:25CR30 (SVN)

                        :

                        :

      v.                    :

                        :

ADAM IZA                  :      June 2, 2026

                        :

---------------------------------------------------------x

## FINDINGS AND RECOMMENDATION ON A PLEA OF GUILTY

The captioned matter was referred to the undersigned and a hearing pursuant to Fed. R. Crim. P. 11 was conducted on June 1, 2026, in person and on the record, with the written consent of the defendant, counsel for the defendant and counsel for the United States, regarding the defendant's request to enter a plea of "Guilty" to Count One of the Superseding Indictment (ECF 132) charging him with Conspiracy to Commit Hobbs Act Robbery in violation of 18 U.S.C. Section 1951(a).

Based upon the answers given by the defendant under oath and in the presence of counsel, the remarks of defense counsel and counsel for the government, and the written representations in the plea agreement, I find the following:

- That the defendant understands he was under oath and that to the extent he provides any false statements, he understands he may be prosecuted by the government for perjury or making a false statement and that the government may use the substance of those statements in any such prosecution;

- that the defendant is competent to plead and understands his right to plead not guilty, and having already so pleaded, his right to persist in that plea;

1

- that he understands the nature of the charge against him in Count One of the Superseding Indictment to which he pleaded guilty;

- that he knows he has the right to be represented by counsel at trial and at every other stage of the proceedings, and, if necessary, have the court appoint counsel at no cost to him, and is satisfied with his current counsel;

- that he understands his right to trial by jury, including the right to object to potential jurors, confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, to compel the attendance of witnesses, and that he understands he would be giving up these rights if he pleaded guilty and the Court accepts his plea;

- that he knows the maximum periods of imprisonment and supervised release applicable to the offense charged in Count One of the Superseding Indictment to which he pled guilty, the consequence of a violation of supervised release, the maximum potential fine that could be imposed, and the mandatory special assessment of $100.  He also understands the Court's authority to order restitution to victim(s) of the offense and understands the Court's authority to order forfeiture of proceeds derived from or items used to facilitate the offense, as part of the sentence that may be imposed.

- that he knows that the Court is obligated to consider the advisory sentencing guidelines range, possible departures under the sentencing guidelines, and other sentencing factors under applicable sentencing law, and that any factual disputes at sentencing, will be resolved by the Court by a preponderance of the evidence or that the Court may choose not to resolve them;

- that he understands the potential immigration consequences of a felony conviction, including likely removal from the United States because he is not a United States citizen, and that he also understands the other collateral consequences of a felony conviction; and that he still wished to plead guilty knowing these consequences;

- that he knows he will not be permitted to withdraw his plea of guilty if the calculation of the sentencing guidelines or the sentence ultimately imposed is other than he anticipates;

- that he understands the terms of his plea agreement;

- that he understands the terms of a discovery waiver in his plea agreement, that he had sufficient opportunity to consult and ask questions of counsel about this provision, understands its implications and knowingly and voluntarily entered into this waiver as part of his plea agreement;

- that he understands his appeal rights and that each party has reserved the right to appeal the sentence imposed and to oppose the other's appeal;

- that the defendant understands the elements of the offense in Count One of the Superseding Indictment to which he pleaded guilty, and which the government is required to prove beyond a reasonable doubt at a trial, and that there is a factual basis for the defendant's plea to that charge; and

- that the defendant's plea of guilty has been knowingly and voluntarily made, are of his own free will, and were not coerced.

The Court also finds that, based on the representations of government counsel, that there are parties who had rights regarding this proceeding under 18 U.S.C. § 3771 and that those parties were notified of this Rule 11 hearing and of the proposed resolution.

Accordingly, I hereby RECOMMEND that the defendant's plea of guilty to Count One of the Superseding Indictment (ECF 132), that is, a violation of 18 U.S.C. Section 1951(a) be ACCEPTED.

Dated this 2nd day of June, 2026, at Bridgeport, Connecticut.

/s/ S. Dave Vatti

S. Dave Vatti,
United States Magistrate Judge

3