



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

| | |
|---|---|
| *Connecticut Financial Center* | *(203)821-3700* |
| *157 Church Street, 25ᵗʰ Floor* | *Fax (203) 773-5376* |
| *New Haven, Connecticut 06510* | *www.justice.gov/usao/ct* |

June 8, 2026

<u>*VIA ELECTRONIC MAIL*</u>
Robert. F. Kappes
Silvester & Daly
300 State Street, Suite 507
New London, CT 06320

      Re:    United States v. Saif Faiq
             Case No. 3:25CR30 (SVN)

Dear Attorney Kappes:

This letter confirms the plea agreement between your client, Saif Faiq (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to Count One of the Superseding Indictment charging a violation of 18 U.S.C. § 1951(a), Conspiracy to Commit Hobbs Act Robbery.

The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. First, that the defendant entered into an agreement with at least one other person to commit a Hobbs Act robbery;

2. Second, that the defendant knew of the goal of the conspiracy and had an intent to agree and an intent to commit the substantive offense; and

3. Third, that the defendant voluntarily participated in trying to accomplish the goal of the conspiracy.

*United States v. Saif Faiq*
*Plea Agreement*
*Page 2*

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of twenty (20) years of imprisonment.

### Supervised Release

In addition, the Court may impose a term of supervised release of not more than three (3) years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two (2) years per revocation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Fine

Under 18 U.S.C. § 3571, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense or twice the gross loss resulting from the offense, whichever is greater; or (2) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

In addition to other penalties provided by law, the Court also must order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

### Interest, penalties, and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g). The defendant reserves the right to request that the Court waive interest and penalties as permitted by statute, and the Government reserves the right to oppose any such request.

*United States v. Saif Faiq*
*Plea Agreement*
*Page 3*

Forfeiture

The defendant agrees that by virtue of his plea of guilty, he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

Credit Report

The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

## THE SENTENCING GUIDELINES

Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guidelines determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guidelines application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, and subject to the conditions specified below, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's demonstration of acceptance of responsibility for the offense. Moreover, and also subject to the conditions specified below, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's adjusted offense level by one additional level based on both his affirmative acceptance of responsibility as well as his prompt notification of his intention to enter a plea of guilty that permitted the Government to avoid trial preparation. The defendant understands that the Court is not obligated to accept the Government's recommendation under § 3E1.1(a) and that a decrease under § 3E1.1(a) is a prerequisite to a further reduction under § 3E1.1(b).

The Government's recommendation and motion are each conditioned on the defendant's affirmative acceptance of responsibility. If, in the Government's assessment, the defendant engages in any act or omission or takes any litigating position inconsistent with affirmative acceptance of responsibility, the Government is not obligated to (1) recommend a two-point reduction under § 3E1.1(a), or (2) file a third-point motion under § 3E1.1(b) (even if the Court has

*United States v. Saif Faiq*
*Plea Agreement*
*Page 4*

granted a two-point reduction, and even if the defendant's notification of his intention to enter a plea of guilty permitted the Government to avoid trial preparation).

In assessing whether the defendant has affirmatively accepted responsibility, considerations include (but are not limited to) whether he has: (1) truthfully admitted the conduct constituting the offense(s) of conviction and truthfully admitted (or not falsely denied) any additional relevant conduct for which he is accountable under § 1B1.3 of the Sentencing Guidelines; (2) disclosed to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing his financial condition; (3) engaged in any act indicating that he has not terminated or withdrawn from criminal conduct or associations; (4) engaged in any act that could provide a basis for an adjustment for obstructing or impeding the administration of justice under § 3C1.1 of the Sentencing Guidelines; (5) engaged in any act constituting a violation of any condition of release; or (6) sought to withdraw his guilty plea or taken a position at sentencing not consistent with acceptance of responsibility. The Government expressly reserves the right not to recommend a two-point reduction under § 3E1.1(a) and not to move for a further reduction under § 3E1.1(b)—even if the court has granted a two-point reduction, and even if the defendant's notification of his intention to enter a plea of guilty permitted the Government to avoid trial preparation—based on such considerations or any other ground that, in the Government's assessment, is inconsistent with affirmative acceptance of responsibility.

The defendant understands that he may not withdraw his plea of guilty if, in accordance with the above, the Government does not recommend a reduction under § 3E1.1(a) or move for a further reduction under § 3E1.1(b).

Guidelines Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. §2B3.1(a) is 20. The Government believes that, under U.S.S.G. §§ 2B3.1 and 1B1.3, the following enhancements apply: a 4-level enhancement under § 2B3.1(b)(2)(D) for the use of a dangerous weapon; a 4-level enhancement under § 2B3.1(b)(3) for the serious bodily injury suffered by a victim; and a 4-level enhancement under § 2B3.1(b)(4)(A) for the abduction of the victims. If these enhancements apply, the adjusted offense level would increase to 32. Assuming the conditions set forth above are met, 3 levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, resulting in a total offense level, per the Government's calculation, of 29. If none of the enhancements are applied, the adjusted offense level would be 17.

The defendant reserves his right to object to the enhancements listed above.

At this time, based on information currently available, the Government cannot calculate the defendant's Criminal History Category. The ranges set forth below are based on placement of

*United States v. Saif Faiq*
*Plea Agreement*
*Page 5*

the defendant in Criminal History Category I and II. The parties reserve the right to recalculate the defendant's Criminal History Category, and corresponding sentencing ranges if these ranges are incorrect. The Government reserves its right to argue that any such re-calculation is not a basis for any downward departure or variance and its right to oppose any request from the defendant for such a departure or variance.

A total offense level of 29, assuming placement in Criminal History Category I, would result in a Guidelines range of 87 to 108 months of imprisonment (sentencing table) and a fine range of $30,000 to $250,000 (U.S.S.G. § 5E1.2(c)(3)). The defendant also is subject to a supervised release term of not more than 3 years. U.S.S.G. § 5D1.2. Placement in Criminal History Category II would result in a Guidelines range of 97 to 121 months of imprisonment. The other penalties would remain the same.

A total offense level of 17, assuming placement in Criminal History Category I, would result in a Guidelines range of 24 to 30 months of imprisonment (sentencing table) and a fine range of $10,000 to $95,000 (U.S.S.G. § 5E1.2(c)(3)). The defendant also is subject to a supervised release term of not more than 3 years. U.S.S.G. § 5D1.2. Placement in Criminal History Category II would result in a Guidelines range of 27 to 33 months of imprisonment. The other penalties would remain the same.

The Government and the defendant reserve their rights to seek a variance or a non-Guidelines sentence, and both sides reserve their right to object to a variance or a non-Guidelines sentence. Moreover, the defendant reserves the right to argue that a fine is not appropriate in this case, and the Government reserves the right to argue that a fine is appropriate in this case.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

Information to the Court

The parties reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

*United States v. Saif Faiq*
*Plea Agreement*
*Page 6*

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Discovery

The defendant acknowledges that the Government may not have yet produced any or all discovery material, including but not limited to discovery under the Jencks Act, 18 U.S.C. § 3500, the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or the Local Rules of Criminal Procedure, Standing Order on Discovery. The attorneys for the Government are not aware of any information that, in their view, would establish the defendant's factual innocence of the crimes to which the defendant is pleading guilty. However, the attorneys for the Government do not warrant that they have reviewed all material in their possession, or that their assessment of the exculpatory nature of information known to them would be the same as that of the defendant or his counsel. Nonetheless, the defendant acknowledges that (1) he has accepted this plea agreement and decided to plead guilty because he is in fact guilty and seeks no further discovery or disclosures of information, and (2) in reaching that decision, he has not relied upon any representations concerning the Government attorneys' assessment of information. On that basis, the defendant waives any and all right to withdraw his plea or attack his conviction, either on direct appeal or collateral attack, on the ground that the Government has not produced any discovery material beyond what already has been produced as of the date of this plea agreement. The Government nevertheless will produce, in advance of sentencing, additional material specifically requested by the defendant in connection with any sentencing issue, to the extent that the requested material is in the Government's possession.

*United States v. Saif Faiq*
*Plea Agreement*
*Page 7*

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

### Waiver of Challenge to Plea Based on Immigration Consequences

The defendant understands that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that the guilty plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea, or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction,

*United States v. Saif Faiq*
*Plea Agreement*
*Page 8*

or sentence, based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and the defendant (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights the defendant may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which the defendant has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which the defendant

*United States v. Saif Faiq*
*Plea Agreement*
*Page 9*

is licensed, or with which the defendant does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the defendant's participation in the conduct which forms the basis of the indictments in this case. After sentencing, the Government will move to dismiss count two of the operative indictment because the conduct underlying the dismissed counts will have been taken into account as relevant conduct in calculating the applicable Guidelines sentencing range and in determining the appropriate sentence. This provision does not apply to any conduct unknown to the Government at the time of the signing of this agreement.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw the guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Sincerely,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

KAREN L. PECK
ASSISTANT UNITED STATES ATTORNEY

DANIEL GEORGE
ASSISTANT UNITED STATES ATTORNEY

*United States v. Saif Faiq*
*Plea Agreement*
*Page 10*

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____
SAIF FAIQ
The Defendant

_6 - 8 - 2026_
Date

I have thoroughly read, reviewed, and explained this plea agreement and its attachment to my client who advises me that he understands and accepts its terms.

_____
ROBERT KAPPES, ESQ.
Attorney for the Defendant

_6/8/26_
Date

*United States v. Saif Faiq*
*Plea Agreement*
*Page 11*

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1.  If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A.  Return the property to the owner of the property or someone designated by the owner; or

    B.  If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I)  the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2.  In the case of an offense resulting in bodily injury to a victim –

    A.  Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B.  Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C.  Reimburse the victim for income lost by such victim as a result of such offense.

3.  In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services.

4.  In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution also may result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. Moreover, in the event of default,

*United States v. Saif Faiq*
*Plea Agreement*
*Page 12*

notwithstanding any installment schedule for the payment of restitution, the Court may order payment of the entire amount of restitution due within 30 days after notification of the default, su