UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : CRIMINAL NO. 3:25-CR-30 (SVN) |
| JAMES SCHWAB | : June 11, 2026 |

### <u>MOTION TO MODIFY CONDITIONS OF RELEASE</u>

The defendant, James Schwab, through counsel, hereby moves to modify his conditions of release.  In particular, Mr. Schwab seeks to (1) modify his conditions related to his location monitoring program to convert it from home detention to stand alone monitoring now that he has secured potential employment and an opportunity to attend college classes; (2) modify the conditions limiting his use of internet capable electronic devices to include a laptop in addition to the cell phone that was previously approved.  Undersigned counsel has discussed the proposed conditions with Mr. Schwab's supervising probation officer in the Northern District of Georgia (USPO Benjamin Heath) and his counterpart in the District of Connecticut (USPO Kaitlyn Wentz). Neither the Georgia Probation Office nor the Connecticut Probation Office object to the modifications as detailed below.  Counsel has also consulted with the Government (Assistant United States Attorney Karen Peck) about each of the proposed modifications.  Attorney Peck has indicated the Government will respond in writing with its position on the conditions proposed.

In support of this motion, Mr. Schwab states as follows:

1.     Mr. Schwab's present conditions require him to submit to location monitoring and remain on home detention (ECF No. 83, ¶ 7(q)), and they limit his access to internet capable devices to a cell phone that is subject to monitoring software.

2.     Mr. Schwab has been fully compliant with his conditions since he was released on July 18, 2025, and he has remained compliant with the amended conditions, including the conditions governing his cell phone usage. Given his extended period of compliance, Mr. Schwab now seeks to modify his conditions of release as follows:

a. Modify his location restriction program from home detention to stand alone monitoring. Mr. Schwab proposed a modification to curfew in a prior motion, but the Court concluded that Mr. Schwab would remain on home detention until such time that he had specific cause to be out of the house for permitted purposes. As Mr. Schwab has now secured a job offer (the details of which have been shared with the Probation Office and with the Government) and an opportunity to attend college courses, he respectfully asks the Court to modify his condition to stand alone monitoring so that he can take advantage of his employment and educational opportunities. Both probation officers have indicated they have no objection to this proposed modification. Counsel proposes that this condition would replace all other conditions regarding his location monitoring.

b. Permit Mr. Schwab to have access to an internet-capable laptop that is monitored by the United States Probation Office. On March 5, 2026, the Court ordered that Mr. Schwab could possess a cell phone that was equipped with electronic monitoring software provided by and monitored by the United States Probation Office. At that time, the Probation Office indicated it had no objection to Mr. Schwab having a cell phone with the understanding that he could request a laptop after a period of compliance. Mr. Schwab has been fully compliant with this

2

condition since it was imposed, and therefore Probation has no objection to him now possessing a monitored laptop.  The conditions would further provide that Mr. Schwab cannot use any internet capable device other than those that are approved by Probation and equipped with monitoring software.  Both probation officers have indicated they have no objection to this proposed modification.

WHEREFORE, the defendant respectfully requests that this motion be granted.  Counsel proposes that all other conditions remain in effect.  Furthermore, counsel respectfully requests that to the extent the Court grants these modifications, that the Court generate a new order reflecting his conditions of release so that his conditions are clear in a single order.

THE DEFENDANT,
James Schwab

Dated: June 11, 2026

/s/ Allison M. Near
Allison M. Near
Jacobs & Dow, LLC
350 Orange Street
New Haven, CT 06511
Phone: (203) 772-3100
Bar No.: ct27241
Email: anear@jacobslaw.com

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Allison M. Near
Allison M. Near