UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:25-CR-30 (SVN) |
| JAMES SCHWAB | : | August 31, 2026 |

**REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO MODIFY CONDITIONS OF RELEASE**

The defendant, James Schwab, through counsel, hereby submits this reply to briefly address the concerns articulated by the Government in its Opposition to Motion to Modify Conditions of Release, dated August 20, 2026. ECF No. 286.

## I. RELEVANT BACKGROUND

The procedural history concerning Mr. Schwab's conditions of release is well known to the Court. As to the most recent motion and related hearing, however, some additional information is warranted.[1]

On June 11, 2026, Mr. Schwab filed a motion seeking a modification of his conditions of release to permit stand-alone monitoring so he could accept an offer of employment at an Atlanta-area business and so he could enroll in classes. *See* ECF No. 220. On that same date, undersigned counsel sent copies of correspondence to the Government and to the United States Probation Office confirming that Mr. Schwab had been offered a job and that he had been accepted at Georgia State

---

[1] The Government states in its motion that "the only information the United States has been given in that the defendant was supposed to work at a barbershop close to home (and *not* the home in Atlanta)." Gov't Opp. at 10 (emphasis in original). As detailed herein, that statement is inaccurate.

University.

On July 1, in response to the Government's inquiries for additional information, undersigned counsel advised that the barber shop was in the greater Atlanta area due to a lack of opportunities in North Georgia and that his hours of work had not yet been set. On July 8, 2026, undersigned counsel followed up to share a work schedule for Mr. Schwab that had been proposed by the employer. On July 13, 2026, following a telephone status conference, the Court granted the proposed modification to move to stand-alone monitoring. *See* Order, July 13, 2026, ECF No. 231("With the consent of the Probation Office and in light of his record of compliance with release conditions for approximately one year, and to facilitate his employment and academic opportunities, the Court modifies defendant's conditions to permit standalone location monitoring in place of home detention and shall permit defendant the use of a laptop computer provided it is equipped by USPO with software that permits monitoring of the laptop's use by USPO. All other conditions of release remain in effect.").

Mr. Schwab proceeded with the next steps for work and school.[2] It became apparent, however, that if Mr. Schwab finished work late, he would be unable to stay over in Atlanta alone given his current conditions. Although stand-alone monitoring typically provides that "[the defendant] has no residential component (curfew, home detention, or home incarceration) restriction," the previous conditions requiring a custodian remained in place. Since his custodians do not have the ability to travel to Atlanta with him every time he has work, and the commute is

[2]Following the Court's ruling, Mr. Schwab started the process of enrolling at Georgia State. Unfortunately, the University became aware of the instant case and rescinded his admission. Mr. Schwab has since enrolled in a remote educational opportunity, but that has only increased his availability to work.

roughly two hours each way, it was not sustainable for him to commence work under his current conditions. As a result, counsel filed the instant motion to modify.

## II. ARGUMENT

The Government claims that "this Court has consistently—from the very beginning—insisted on need-based travel restrictions and significant oversight from the defendant's parents (along with related consequences to them) to ensure the safety of the community and the defendant's appearance in court, despite motions that would walk those carefully considered conditions back." Gov't Opp. at 8. Certainly, the Court has been thoughtful about the conditions imposed, but it has modified those conditions consistent with the fundamental tenet of the Bail Reform Act, which is that the Court "must impose the *least restrictive condition or combination of conditions* necessary to 'reasonably assure' the defendant's appearance as required and to 'reasonably assure' the safety of any person and the community." 18 U.S.C. § 3142(c)(1)(B) (emphasis added). As Mr. Schwab has clearly proven his ability to comply with very strict conditions, a request seeking a move to less restrictive conditions is appropriate and contemplated by the Bail Reform Act.

Mr. Schwab's current conditions permit him to travel as needed without a custodian; it is only for overnights that a custodian is required. By his motion, Mr. Schwab seeks to relieve his custodians of the obligation to be with him if, for example, a work shift requires him to work late such that returning to Northern Georgia (a 120-mile trip each way) is not sustainable. He does not propose staying overnight at unspecified locations. On the contrary, his supervising probation officer would know his whereabouts at all times, and Mr. Schwab could provide details about the address and occupants of those locations to Probation as needed. Mr. Schwab currently anticipates there are three addresses that he might use in Atlanta; to the extent he travels to New York to meet

with counsel, he would provide Probation with details of where he intends to stay. Given the current conditions that required GPS monitoring and software monitoring, there is no reason to believe that granting Mr. Schwab's motion would diminish his likelihood of appearing in Court or endanger the community.

Regarding the release of the Atlanta property, the bond is well secured by the home where Mr. Schwab's parents currently reside. As the Court may recall from the early bond hearings, it was always their intent to sell the Atlanta house, but those plans were delayed so that they could fully secure the bond for their son's release. Given the increased value of their current home, his custodians seek an opportunity to sell their Atlanta home consistent with the plan that preceded Mr. Schwab's arrest in this case.

WHEREFORE, the defendant respectfully requests that this motion be granted.

THE DEFENDANT,
James Schwab

Dated: August 31, 2026

/s/ Allison M. Near
Allison M. Near
Jacobs & Dow, LLC
350 Orange Street
New Haven, CT 06511
Phone: (203) 772-3100
Bar No.: ct27241
Email: anear@jacobslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 31, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Allison M. Near
Allison M. Near