**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:25 CR 0030 (SVN) |
| | : | |
| v. | : | |
| | : | |
| SAIF FAIQ | : | OCTOBER 14, 2026 |

**MEMORANDUM IN AID OF SENTENCING**

The Defendant, Saif Faiq, through the undersigned counsel, hereby submits this Memorandum in Aid of Sentencing. Based upon the totality of the circumstances, as set out below, Mr. Faiq respectfully moves the Court to impose a sentence of time served.

**FACTS:**

Mr. Faiq stands before the Court at the age of 23. PSR Identifying Data. He has been incarcerated since November 12, 2025 and has been held at Wyatt Detention Facility since January 7, 2026. He has received no disciplinary tickets. PSR Custodial Status and ¶ 8.

Mr. Faiq suffered through a tough childhood. He was born in Iraq and raised during the Second Gulf War. When he was five, he was sent to Syria to live with his aunt and uncle. They resided in a dangerous area. He was finally united with his

parents when he was eight. They emigrated to the United States and lived in a tough neighborhood in Saint Louis. PSR ¶¶ 118-119, 166.

Mr. Faiq has used his first term of imprisonment for self-reflection. He has realized that "nothing is worth your freedom, [he] sees the toll this has taken on [him] and [his] family, knows they are upset [he] is in jail and want [him] home." Mr. Faiq understands that "time is precious and realizes [his] youth is slowly going away." PSR ¶ 128.

**LAW AND ARGUMENT:**

Pursuant to 18 U.S.C. § 3553, the Court is required to impose in each case a sentence that is "sufficient but not greater than necessary, to comply with the purposes set forth" in 18 U. S. C. § 3553(a)(2). Those purposes reflect the need for the sentence that is imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner [.]

18 U. S. C. § 3553(a)(2) (2009).

In determining what sentence will best achieve these purposes in each case, the sentencing court must consider the follow factors:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The kinds of sentences available and the applicable sentence under the Sentencing Guidelines;

3. Pertinent policy statements issued by the Sentencing Commission;

4. The need to avoid unwarranted sentence disparities among similar defendants guilty of similar conduct; and

5. The need to provide restitution to any victims.

18 U. S. C. § 3553(a)(1), (a)(3) – (a)(7) (2009).

In short, the Court is required to impose in each case a sentence that is "sufficient but not greater than necessary, to comply with the purposes set forth" in 18 U. S. C. § 3553(a)(2). Moreover, the Sentencing Guidelines are not mandatory and are not to be presumed reasonable. Nelson v. United States, 129 S. Ct. 891, 892 (2009); see also Rita v. United States, 127 S. Ct. 2456, 2465 (2007).

Based upon the totality of the circumstances, a sentence of time served is sufficient but not greater than necessary to comport with the requirements of 18 U.S.C. § 3553.

1. The concept of incremental punishment mitigates in favor of a sentence of time served.

Mr. Faiq has never been incarcerated before. While he has had several interactions with the criminal justice system, he has never been imprisoned. Incremental punishment would strongly suggest that a sentence of time served is more than sufficient to accomplish the goals of sentencing. PSR ¶167.

Incremental sentencing suggests that the punishment for new offenses should not be draconian.

This Court is familiar with the sentences imposed at the state court level. Initially, when a person is arrested for the first time, his case would likely be nollied or he would enter a diversionary program. For the next arrest, he would plead to misdemeanors and receive no incarceration. For the next arrest, he would receive incarceration with misdemeanor pleas or a felony conviction with no incarceration. For the next arrest, he

would receive a felony conviction with a small period of incarceration. Thereafter, the length of incarceration would normally double.

Mr. Faiq has never been incarcerated. He has already served approximately one year of incarceration. That is more than sufficient to accomplish the goals of sentencing. That is, based upon his self-reflection, Mr. Faiq has been rehabilitated in that he no longer wants to engage in conduct which would deprive him of his freedom.

2. Pursuant to United States v Fernandez, 877 F.2d 1138, 1145 (2d Cir. 1989), Mr. Faiq's adjusted guideline level should be 17 pursuant to the plea agreement he entered into with the government.

Mr. Faiq entered into a plea agreement with the United States government. In that plea agreement, the parties agreed that if none of the enhancements outlined by the government apply, Mr. Faiq's adjusted offense level would be 17. Plea Agreement at Page 4. The United States Probation Office has concluded in the PSR that none of the enhancements listed in the Plea Agreement apply. Therefore, Mr. Faiq argues through Fernandez that the adjusted offense level be 17. This would result in a guideline range of 27-33 months of imprisonment.

3. Mr. Faiq should be awarded a three level reduction for his offense conduct pursuant to U.S.S.C. §2X1.1.

U.S.S.C. §2X1.1 provides that three levels should be deducted from the offense guideline unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.

Hobbs Act robbery is defined as "…the unlawful taking or obtaining of personal property **from the person or in the presence of another**, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. §1951(b)(1).

In this case, the Saint Louis "crew" had not completed all of the acts necessary for the completion of a Hobbs Act robbery. The Saint Louis "crew" had not located Mr. Chetal. The Saint Louis "crew" had not even learned the correct address for Mr. Chetal or his parents. No one answered at any of the units on which they knocked. PSR ¶ 49.

It is not possible to complete all of the steps needed for a Hobbs Act robbery unless you are in the presence of, or at least know of where that person is. The Saint Louis "crew" could not have completed all of the steps necessary to commit the offense. Therefore, the three level offense guideline reduction is warranted pursuant to U.S.S.C. §2X1.1. With the three level reduction to his adjusted offense conduct guideline of 17 as set out above, the adjusted offense level becomes 14 which results in a guideline range of imprisonment of 18-24 months of imprisonment.

**CONCLUSION:**

Mr. Faiq respectfully requests the Court to impose a sentence of time served and to find that he is unable to pay a fine.

THE DEFENDANT
SAIF FAIQ,

By: /s/_Robert F. Kappes
ROBERT F. KAPPES
Bar No. CT13687
Silvester & Kappes
300 State Street, Suite 507
New London, CT 06320
Tel. (860) 278-2650
Fax (860) 727-9243
Email: rfk@law-sk.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:25 CR 0030 (SVN) |
| | : | |
| v. | : | |
| | : | |
| SAIF FAIQ | : | OCTOBER 14, 2026 |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

THE DEFENDANT
SAIF FAIQ,

By: /s/ Robert F. Kappes
ROBERT F. KAPPES
Bar No. CT13687
Silvester & Kappes
300 State Street, Suite 507
New London, CT 06320
Tel. (860) 278-2650
Fax (860) 727-9243
Email: rfk@law-sk.com